COMMONWEALTH *vs.* CHARLES H. SHOLES.

After a jury had been empannelled to try the defendant in an indictment for a felony, his counsel desired to present a motion to quash the indictment for formal defects therein, and, in order to enable him to do so, it was agreed by the district attorney and the counsel for the defendant, in the defendant's presence and without objection from him, and with the consent of the presiding judge, that what had been done should be treated as null, and the motion should be made, and if overruled the jury should be sworn over again. The motion was accordingly made and overruled. *Held,* that the defendant could not afterwards object to being tried upon a new empannelling of the same or another jury, on the ground that he had been once put in jeopardy.

An indictment is valid which purports to be found by the grand jury " upon their oaths," instead of " upon their oath."

An indictment under Gen. Sts. *c.* 165, § 9, for an unlawful attempt to procure a miscarriage need not allege that the act was done " maliciously and without lawful justification," but it is sufficient to allege that it was unlawfully done, with intent to cause and procure the miscarriage.

INDICTMENT found under Gen. Sts. *c.* 165, § 9, at November term 1863, commencing, in the body thereof, thus : " The jurors for the Commonwealth of Massachusetts on their oaths present," and setting forth that, at a time and place named, the defendant " unlawfully did use a certain instrument " in a manner which was particularly described, in and upon a certain woman, who was pregnant, " with intent then and thereby to cause and procure the miscarriage of the said woman."

The defendant was placed at the bar to be tried at January term 1865. After a jury had been empannelled, his counsel who came into court while the clerk was swearing the jury stated that he had a motion to quash the indictment which he

desired to make, and which perhaps should have been made be-
fore the jury were sworn, in order to save the defendant's rights.
The judge informed him that, under the statute, the motion
could not now be entertained, but, if all parties would assent
that what had been done should be treated as null, he would
entertain the motion, and, if overruled, the jury would be sworn
again. To this arrangement the counsel for the defendant and
the district attorney severally assented orally, and the prisoner
being present made no objection.

A motion to quash was then presented, commencing thus:
" And now, before the jury has been sworn for the trial of the
defendant, he moves that the indictment be quashed," assigning
various reasons which are now immaterial, no one of them hav-
ing been relied upon at the argument in this court. The motion
was argued, and at a subsequent day overruled. The woman
in question, who was a material witness for the Commonwealth,
and who had been present in court on the former day, was now
absent, and the district attorney was not ready to proceed to
trial without her, and she was not found before the adjournment
of the term of court without day. At October term 1865, the
defendant filed a new motion to quash, assigning for reasons
that a legal jury was lawfully empannelled to try the indict-
ment, and the defendant was set to the bar to be tried on it by
them, and that he could not now be tried, having once been in
jeopardy ; and this motion was overruled. At November term
1865, he filed a new motion to quash, assigning for reasons, 1.
That the indictment was insufficient, in that the jurors make their
presentment on their oaths, and not upon their oath. 2. In that
the defendant is not alleged to have committed the acts therein
mentioned " maliciously and without lawful justification." 3.
That it was in other respects informal, insufficient and void.
This motion was overruled by *Putnam,* J., and the defendant
was tried before the jury, and found guilty. He thereupon filed
a motion in arrest of judgment, assigning the same reasons as
those contained in his last motion to quash ; but this motion
was overruled.

To the above various rulings, the defendant alleged exceptions,

*C. R. Train & F. F. Heard*, for the defendant.

*Reed*, A. G., for the Commonwealth.

GRAY, J.   1.  The statements of Lord Coke in Co. Litt: 227 *b*
and 3 Inst. 110, that a jury sworn and charged with a case of
treason or felony cannot be discharged without giving a verdict,
have been often doubted and disregarded, and in a very recent
case have been authoritatively determined not to be the law of
England.   *Winsor* v. *The Queen*, Law Rep. 1 Q. B. 289, 390.
In that case, after full examination of the authorities, it was held
by the courts of queen's bench and exchequer chamber that the
discharge of a jury, even in a case of felony, was within the dis-
cretion of the judge presiding at the trial, and not subject to the
revision of a court of error.   The power of the court to discharge
the jury from giving any verdict, even in a capital case and
without the consent of the prisoner, whenever in the opinion of
the court there is a manifest necessity for so doing, or the ends
of public justice would otherwise be defeated, has been affirmed
by the supreme court of the United States, although the consti-
tution of the United States provides that no person shall be sub-
ject for the same offence to be twice put in jeopardy of life or
limb.   *United States* v. *Perez*, 9 Wheat. 579.   And a discre-
tionary power in this respect has been repeatedly recognized by
this court.   *Commonwealth* v. *Bowden*, 9 Mass. 494.   *Common-
wealth* v. *Purchase*, 2 Pick. 521.   *Commonwealth* v. *Roby*, 12
Pick. 503.

The extent of this power we have no occasion particularly to
discuss, for it is very clear that when the jury is discharged at
the prisoner's request, or with his consent and for his benefit, he
may be afterwards tried anew.   *Kinloch's case*, Foster, 16, 22
*S. C.* 18 Howell's State Trials, 395; 1 Wils. 157.   *Rex* v.
*Stokes*, 6 C. & P. 151.   *Commonwealth* v. *Cook*, 6 S. & R. 577
2 Bennett & Heard's Lead. Crim. Cas. 363.   In this case, the
defendant's motion to quash the indictment for defects of form,
not having been made before the jury was sworn, came too late.
*St.* 1864, *c.* 250, § 2.   *Commonwealth* v. *Walton*, 11 Allen, 238
The suggestion of the presiding judge, that, if all parties would
assent that what had been done should be treated as null, he

would entertain the motion, and, if it should be overruled, the jury would be sworn over again, was intended to enable the accused to make a defence which he could not otherwise have made, and was assented to by the counsel for the Commonwealth and by his own counsel in his presence, and without objection from him. To hold that a prisoner, under such circumstances, could not bind himself by assenting to an arrangement made for his benefit, would be to establish a rule which must necessarily prevent such an indulgence from being ever extended to persons accused of crime. As neither the same jury, nor any other, was afterwards sworn or charged with the case at the same term, the adjournment of the court, without again taking up the case, and the trial at a subsequent term, afford no just cause of exception.

2. Of the reasons given in the superior court for moving to quash the indictment, only two have been argued before this court.

One of them is, that the indictment purports to be found by the grand jury " upon their oaths," instead of " upon their oath." But the difference is unimportant. When it is described in the usual form as " their oath," it is not the joint oath of all, but the separate oath of each one respectively. It is not even administered to them all together as one body, but first to the two first named on the list, and then to the others in such divisions as the court may deem proper, and any person returned as a grand juror who is conscientiously scrupulous of taking the oath is allowed to make affirmation. Gen. Sts. *c.* 171, §§ 5, 6. *Wadlin's case*, 11 Mass. 142. When some are sworn, and some are affirmed, it is sufficient for the indictment to be presented upon " their oath and affirmation," although not one of them has taken both an oath and an affirmation. 9 C. & P. 78. *Commonwealth* v. *Fisher*, 7 Gray, 492. Lord Hale, in the place cited for the defendant, says that although the indictment, as it stands upon file in the court, is only thus, *Juratores pro domino rege super sacramentum suum præsentant*, yet when this comes to be returned upon a *certiorari* it is more full and explicit, and purports to be presented *per sacramentum, E. F. G. H.* &c., *proborum*

*et legalium hominum comitatus prœdicti juratorum,* &c. 2 Hale P. C. 165. And it is stated in Hawkins, and repeated in Bacon's Abridgment, that the caption must show that the jurors found the indictment " upon their oaths." 2 Hawk. *c.* 25, § 126. Bac. Ab. Indictment, I.

The other specific objection taken to the indictment is that the defendant is not alleged to have committed the act therein described " maliciously and without lawful justification." But we are of opinion that no such allegation was necessary. The indictment, following the words of the Gen. Sts. *c.* 165, § 9, on which it is based, alleges that the defendant did the act described " unlawfully," and " with intent to cause and procure the miscarriage of the said woman," and sufficiently sets forth a criminal act and a criminal intent. The word " unlawfully " negatives and precludes any inference or possibility that the act was done by a surgeon for the purpose of saving the life of the woman, or under any other circumstances which would furnish a lawful justification. Any unlawful use of an instrument, with intent to procure miscarriage, is made criminal by the statute. The learned counsel for the defendant admit that if the word " feloniously " had been inserted in the indictment, their objection could not be supported. And the Gen. Sts. *c.* 168, § 2, provide that " it shall not be necessary to allege in any indictment or complaint that the offence charged is a felony, or felonious, or done feloniously; nor shall any indictment or complaint be quashed or deemed invalid by reason of the omission of the words 'felony,' 'felonious,' or 'feloniously.'" *Commonwealth* v. *Jackson,* 15 Gray, 187.

3. The grounds assigned for the motion in arrest of judgment are the same as those stated in the motion to quash, and have been already considered, except the last, which is but a general statement that the indictment is in other respects " informal, insufficient and void," and under which the defendant has not pointed out, and could not, by the *St.* of 1864, *c.* 250, take advantage of, any formal defect not specially assigned in the motion to quash. *Commonwealth* v. *Walton,* 11 Allen, 238.

*Exceptions overruled.*