(December 23, 1897.)

## STATE v. FARRIS.

[51 Pac. 772.]

CRIMINAL PRACTICE—PRELIMINARY EXAMINATIONS.—Under the provisions of the constitution and the statutes of this state, before a defendant can be informed against for a criminal offense, such criminal must either have had a preliminary examination upon such charge, or have waived the same, and while the failure to aver such examination or its waiver in the information is not ground to support a motion to quash the information, we think such averment the better practice.

SAME—MOTION TO QUASH—WHEN SHOULD BE ALLOWED.—Where, in support of a motion to quash an information, defendant files an affidavit wherein he states positively that he hs never had an examination upon the charge preferred in the information, it is the duty of the prosecution to refute such affidavit by the production of the depositions taken upon the preliminary examination, or other competent proof, and, failing to do so, the motion to quash should be allowed.

ALLEGATIONS IN INFORMATION—WHEN HELD SUFFICIENT.—Where the information alleges one C. to be the owner of the stolen property, and the proofs show that he was in possession of the property as the agent of the real owner, with full power to sell or otherwise dispose of the same, *held*, sufficient to uphold the allegation in the information.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

N. M. Ruick and W. E. Borah, for Appellant.

Our statutes provide that when an information is laid before a committing magistrate he shall take the depositions in writing, and cause the parties making them to subscribe them. This is absolutely essential to give jurisdiction, in the first instance, to the proceedings which finally lead up to the point where the information may be filed by the district attorney. The information is predicated upon these matters. The defendant is now convicted of an offense which was never placed before any committing magistrate. (Idaho Rev. Stats., secs. 7516, 7517; *Ex parte Dimmig,* 74 Cal. 164, 15 Pac. 619; *Ex parte Buford,* 3 Cranch, 448; *People v. Heffron,* 53 Mich. 527, 19 N. W. 170; *People v. Barnes,* 66 Cal. 594, 6 Pac. 698; *People v. Lynch,* 29

Mich. 273.)    Section 8, article 1 of the constitution of Idaho provides that no person shall be held to answer for any felony unless on indictment or information after commitment by a magistrate.    In this case there is no contention that there was any commitment or examination for the offense charged in the information.    The act of March 13, 1891, section 8 provides that no information shall be filed against any person for any offense until such person shall have had a preliminary examination or waived the same, provided he is not a fugitive from justice.    This statute perhaps goes further than the constitution would permit, but upon the facts and records in this case it was clearly error for the court to overrule the motion to set aside the information.    The facts in the affidavit were in no way disputed or explained.    We think the question well settled by authority.    (Idaho Const., sec. 8, art. 1; Sess. Laws 1890-91, p. 186; *State v. Braithwaite,* 3 Idaho, 119, 27 Pac. 731; *State v. Jarrett,* 46 Kan. 754, 27 Pac. 146.; *People v. Wallace,* 94 Cal. 497, 29 Pac. 950; *Kalloch v. Superior Court,* 56 Cal. 229; *Sneede v. People,* 38 Mich. 248; *O'Hara v. People,* 41 Mich. 623, 3 N. W. 161; *Byrnes v. People,* 37 Mich. 515; *Swart v. Kimball,* 43 Mich. 443, 5 N. W. 635; *State v. Clark,* 4 Idaho, 7, 35 Pac. 710.)    In an indictment or information for larceny, where the stolen property is not otherwise described so as to identify the offense, the allegation of ownership is a material part of the description of the offense charged.    (*People v. Frank,* 1 Idaho, 200; *People v. Hughes,* 41 Cal. 234; *People v. Wallace,* 94 Cal. 497, 29 Pac. 950; *State v. Van Cleve,* 5 Wash. 642, 32 Pac. 461; *Clark v. State,* 29 Tex. App. 437, 16 S. W. 171; *Sharp v. State,* 29 Tex. App. 211, 16 S. W. 176; *McDowell v. State,* 68 Miss. 348, 8 South. 508; Bishop's Criminal Procedure, 3d ed., 488b, 718, 723, 752; *People v. Hall,* 19 Cal. 425.)    As to the proposition that we did not raise this matter in the proper way and that motion to set or quash was not proper, we say that our supreme court has expressly approved of this method in the authority to which the state calls attention. (*State v. Clark,* 4 Idaho, 7, 35 Pac. 710.    See, also, *State v. Braithwaite,* 3 Idaho, 119, 27 Pac. 731; *Washburn v. People,* 10 Mich. 372; *People v. Wallace,* 94 Cal. 497, 29 Pac. 950.)

Attorney General R. E. McFarland and Hawley & Puckett, for the State.

Section 8 of article 1 of the constitution of the state of Idaho undoubtedly requires a commitment by a committing magistrate before an information can be filed, but it does not require mention of such commitment in the information itself. Then it follows that there is neither constitutional or statutory requirement violated by omission to disclose the facts as to commitment, preliminary examination or waiver. This question has several times been passed upon by the courts, and our contention in this regard is upheld. (*Washburn v. People,* 10 Mich. 372; *United States v. Mollar,* 10 Ben. 189, 26 Fed. Cas. No. 1289; *People v. Shubrick,* 57 Cal. 565; Cal. Pen. Code, sec. 948 et seq.; *State v. Mansfield,* 19 Mont. 483, 48 Pac. 898; *Hamilton v. People,* 29 Mich. 177.) The affidavit of Farris that information was laid before the committing magistrate against defendant for the grand larceny of a certain bull calf belonging to George Williams, and that a preliminary hearing was had on said charge. The information charges the larceny of a bull calf belonging to J. H. Connaughton. It would appear, then, from the transcript that the defendant was properly brought before the magistrate; that an examination in due form was had, and that the examination developed the fact that the ownership of the calf charged to have been stolen was alleged in the wrong person; that the evidence was sufficient to warrant the magistrate to believe in the probable guilt of the defendant of the offense of stealing Connaughton's bull calf, and that he was duly and regularly committed for such offense. The court in *State v. Clark,* 4 Idaho, 7, 35 Pac. 710, in effect, decided this question in saying, while speaking of a similar motion that: "It is sufficient answer to this contention to say that the record shows that the defendant was committed and held to answer by the probate judge of Elmore county, Idaho. Great stress is laid by appellant upon the fact that the property stolen was owned by Margaret Connaughton and the information charges it as the property of James H. Connaughton. We urge that the ownership is properly alleged. Either the real owner or the bailee may be alleged in the indictment

or information." (2 Russell on Crimes, 172, 175; Maxwell's Criminal Procedure, 368-369; 2 Wharton's Criminal Law, 252; May's Criminal Law, 292; 2 Bishop's Criminal Law, 802; 2 Archibald's Criminal Practice and Pleading, 459, 460; *State v. Powell,* 103 N. C. 424, 14 Am. St. Rep. 821, 9 S. E. 627; *Kennedy v. State,* 31 Fla. 428, 12 South. 858; *State v. McRae,* 111 N. C. 665, 16 S. E. 173.) That in this case J. H. Connaughton was bailee of the calf stolen, there can be no doubt. (Bouvier's Law Dictionary, 184, 185; Story on Bailments, 2; 2 Kent's Commentaries, 558; *State v. Somerville,* 21 Me. 14, 38 Am. Dec. 248; *People v. Smith,* 1 Park. 329; *Commonwealth v. O'Hara,* 10 Gray, 467; *State v. Mullen,* 30 Iowa, 203.)

HUSTON, J.—The defendant was informed against upon the charge of larceny in the stealing of "one head of livestock, to wit, one bull calf, of the property of James H. Connaughton." Upon arraignment upon said information, the defendant interposed motion to quash the information, upon the following grounds: "1. That said information fails to state or disclose that the defendant has had a preliminary examination for the offense charged in the information, and fails to state that he has waived his right to said preliminary examination; 2. For the reason that the defendant has never had any preliminary examination for the offense charged in the information, as required by the constitution of the state of Idaho and the statutes thereof, and has never waived the same." This motion was supported by the following affidavit of the defendant: "Edgar Farris, being duly sworn, deposes and says that he is the defendant named in the above information; that no information or complaint of the offense charged in the information herein was ever laid before any committing magistrate, no depositions were taken in the same as required by sections 7516, 7517, and the sections following, of the Revised Statutes of the state of Idaho, and no warrant of arrest was ever issued or served upon the defendant for said offense, and the defendant was never taken before any committing magistrate for a hearing upon the charge set forth in the above information; that information was laid before the committing magistrate, H. L. Worthman, of a sep-

arate and distinct offense, which is subject to information in this court, to wit, for the larceny of a certain red bull calf belonging to George Williams, and the defendant was given a preliminary hearing upon said charge, and for no other charge. Therefore no preliminary examination has ever been given to the defendant for the charge set forth in the above information and that he has not waived his right to the same. And further affiant saith not.

"EDGAR FARRIS."

We do not think the first objection is well taken. There is nothing in either the constitution or the statutes which, directly or by implication, requires that the fact of there having been a preliminary examination should be set forth in the information. Still we believe it to be the better practice that the information should aver the fact that there had been such examination or that the defendant had waived the same. Section 8, article 1, of the constitution of Idaho, provides: "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate." Section 8 of an act to provide for prosecuting offenses on information, etc., approved March 13, 1891, provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace, or other examining magistrate or officer unless such person shall waive his right to such examination." Except in case of fugitives from justice, a preliminary examination upon the offense charged is an essential prerequisite to the filing of an information. An information filed without such preliminary examination, or a waiver thereof, is void, and confers no jurisdiction upon the district court to hear the case. It is true, as contended by the attorneys for the state, that where a preliminary examination has been had, and the evidence produced thereat shows the commission of an offense different from that charged in the complaint or warrant, such variance is not available upon motion to quash the information. Nor would a variance between the offense charged in the commitment and that charged in the information be available for such purpose;

it being the offense established by the depositions upon the preliminary examination which is to control. This is the fullest extent to which any of the authorities cited by the counsel for the state go. But that is not this case. In support of his motion to quash, defendant files his affidavit, wherein he states that he has never had any examination upon the charge alleged in the information. It is true he states, further, that he did have an examination upon a charge of stealing "a bull calf, the property of one George Williams," but whether he was informed against or had a trial therefor does not appear. But he states positively and unequivocally that he had never had a preliminary examination upon the charge set forth in the information. It is contended by counsel for the state that, as it is conceded by the defendant that he had a preliminary examination for stealing a "bull calf," the court should infer that it was the same bull calf referred to in the information. By parity of reasoning, the court might infer that defendant had stolen any or all of the bull calves in the county. This court has not been very much in the habit of reversing verdicts in criminal cases upon mere technicalities, but we can hardly go to the extent of inferring a defendant into the penitentiary for ten years upon a verdict rendered *coram non judice.* If it was true that the only objection to the information was that the owner was wrongly named in the information, that fact could have been easily made to appear by the production of depositions, taken upon the preliminary examination, which were or should have been in the possession of the district attorney. That they were not produced in opposition to defendant's affidavit raises a strong presumption of their nonexistence. It is an ancient rule of the criminal law in common-law jurisdictions that courts will always construe the law *in favorem vitae,* and this applies to cases involving the liberty as well as the life of the citizen.

It would be more in accord with long-recognized principles of criminal jurisprudence for the court to infer that the defendant had been informed against, tried, and either convicted or acquitted for the offense for which he admits he had a preliminary examination, to wit, "the stealing of a bull calf, the property of one George Williams," than it would to infer that the offense charged in the information is identical with that ad-

mitted by defendant in his affidavit. And this conclusion is accentuated by the fact that the evidence to successfully dispute the affidavit of the defendant, if it was untrue, was in the hands of the district attorney.

The defendant had the right to insist upon all the protection given him by the constitution and the laws; and, when he makes oath that he has not had the preliminary examination which both the constitution and statutes declare he must have before he can be arraigned upon an information charging him with crime, something more is required of those representing the state than to call upon the court to infer that the defendant has sworn falsely. We cannot, on the winking of authority (even of a state's attorney), understand a law, especially where the offense charged involves the consequences resulting in this case. If the affidavit of the defendant was untrue, the district attorney had the proofs in his possession to establish such untruthfulness. If he failed to produce them, it is his fault, and it would be a perversion of justice to make his laches an excuse for inflicting punishment upon the defendant, however guilty he may have been.

It is contended by the appellant that there is a variance between the allegation of ownership of the alleged stolen property in the information and the proofs upon the trial. We do not think this point is well taken. The information charges the property to have been that of James H. Connaughton. The proofs show that Margaret Connaughton was the owner, but that the property was in the hands of her son, the said James H., as her agent, with power to sell or dispose of the same, at his option. We think this was a sufficient possession to support the allegation of ownership in the information.

Our conclusion is that all of the proceedings under the information, after the filing of defendant's motion to quash, were without jurisdiction. The judgment of conviction appealed from is reversed, and the cause remanded to the district court, with instructions to set aside the verdict, and to sustain the motion to quash the said information.

Sullivan, C. J., and Quarles, J., concur.