THE STATE OF KANSAS v. JOHN A. PEAK.

**No. 382.**   (58 Pac. 1034.)

1. CRIMINAL LAW—*Election—Subsequent Trial.*   The election by the prosecutor as to which transaction he will rely upon for conviction upon a criminal charge is made for that trial only, and does not limit the state to that particular transaction at a subsequent trial.

2. ——— *Evidence—Date of Offense.*   Where the state elected to stand for conviction "upon a sale of two glasses of beer, on July 4, 1898, to J. M. Kessler, as testified to by him," the exact time named is not a necessary ingredient of the crime and need not be proved.

Appeal from Riley district court; W. S. GLASS, judge.   Opinion filed November 4, 1899.   Affirmed.

*John E. Hessin,* for appellant.

*Irish & Brock,* for The State.

The opinion of the court was delivered by

WELLS, J.: The defendant was tried upon an information charging him in seven counts with the unlawful sale of intoxicating liquors.   He was found guilty on the first and seventh counts, not guilty on the second, third, fourth and fifth counts, and the jury disagreed upon the sixth count.   A motion for a new trial was overruled as to the first count and sustained as to the seventh.   The case was continued for trial upon the sixth and seventh counts.   The defendant was sentenced to pay a fine and suffer imprisonment upon his conviction on the first count, which fine and costs were paid and imprisonment suffered.   At a subsequent term the defendant was tried upon the sixth and seventh counts, convicted upon the sixth and acquitted upon the seventh.   From the judgment

The State v. Peak.

upon this conviction the defendant appeals to this court.

There appear to be two questions raised in this case : (1) Upon a second trial of a criminal action, is the state bound by its election at the first trial as to what particular sale it would rely upon for conviction ? (2) Was the giving of the following instruction reversible error?

"The state has been by the court required to elect upon what transactions it will rely for a conviction under each of the counts of the information ; and the state in pursuance thereof has elected to rely for a conviction under the sixth count of the information upon an alleged sale to John M. Kessler on the 4th day of July, 1898 ; and has elected to rely for a conviction under the seventh count of the information upon an alleged sale to John M. Kessler on the 25th day of August, 1898, and unless you find, beyond a reasonable doubt, from the evidence that the sales were made, if any are so found, to said John M. Kessler on some date within two years next prior to the institution of this prosecution, by the defendant, you must find defendant not guilty."

Upon the first question, it is contended by the state that this identical proposition was before the supreme court in *The State v. Coulter*, 40 Kan. 87, 19 Pac. 368, and decided adversely to the appellant ; while the appellant contends that the case cited does not decide the question raised, nor is it pertinent. While the cases are not identical, the one being upon an appeal from a conviction before a justice of the peace and the other upon a retrial in the district court, we see no material distinction upon the question at issue ; one is as much a trial *de novo* as the other, and the same reasoning that sustains the one supports the other. We conclude that the election as to the evidence relied upon for conviction applies only to the

trial then in progress, and has no force or effect in a subsequent trial.

Upon the second question, the appellant contends that, as the state had elected to stand for conviction upon the sixth count upon a sale of two glasses of beer on July 4, 1898, to J. M. Kessler, as testified to by him, the court should have instructed the jury to confine their attention under that count to sales made on that specific day. Section 72 of chapter 102, General Statutes of 1897 (Gen. Stat. 1899, § 5355), reads:

" The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense."

In *The State v. Barnett*, 3 Kan. 250, it was held:

" It is not necessary that the precise time of the commission of an offense should be pleaded, if it is shown to have been within the limitation prescribed by statute."

In *City of Emporia v. Volmer*, 12 Kan. 622, the supreme court held:

" Under a complaint charging an offense upon one day, a defendant may ordinarily be convicted of committing the offense upon some other day, and the time alleged is not material."

The rule seems to be that the jury must find the defendant guilty, if at all, of the particular transaction relied on, but a variation from the exact time stated would not necessarily prove fatal to the prosecution.

We see no reversible error in this case. The judgment of the district court is affirmed.