Mercer v. McPherson.

D. R. MERCER *et al.* v. C. W. McPHERSON *et al.*
**No. 13,881.**   (*79 Pac. 118.*)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Estopped from Complaint.* A party that procures a court to proceed in an irregular way and invites a particular ruling is precluded from assailing such proceeding and ruling on review.

2. MORTGAGE FORECLOSURE—*Right to Redeem.* An owner of a substantial interest in land, acquired from a mortgagor, is entitled to redeem from a foreclosure sale as against one to whom the mortgagor subsequently gave a deed to the land, where the latter took the deed with knowledge of the interest and rights of the former.

Error from Sedgwick district court; DAVID M. DALE, judge.   Opinion filed January 7, 1905.   Affirmed.

*C. V. Ferguson,* and *Blake & Ayres,* for plaintiffs in error.

*Holmes & Norcross,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : This was a proceeding to quiet title in which it was necessary to determine which of the contending parties had the right to redeem from a judicial sale of real estate.   A quarter-section of land was owned by John C. McDill, and in 1893 it was mortgaged for $800.   In that year he sold eighty acres of the land to his son-in-law, C. W. McPherson, and the consideration was the assumption and payment of the mortgage debt upon the whole tract. McPherson went into possession in 1893, made valuable and lasting improvements, paid the interest on the mortgage debt, and when it matured in 1897 had the mortgage renewed, paying a commission of $40 to

secure the renewal.   In 1898 John C. McDill made a writing certifying that he had sold the land to McPherson in 1893 for $800, the face of the mortgage, and this was filed for record.   Later in 1898 John C. McDill executed an instrument purporting to convey the land to J. L. McDill, who in turn undertook to convey it to D. R. Mercer.   In 1901 Mercer began his action to quiet the title as against McPherson, making the owner of the mortgage a party.   McPherson answered asserting ownership and denying Mercer's claim of title.   The owner of the mortgage set up his lien and asked foreclosure.   The mortgage was foreclosed, leaving the contentions of McPherson and Mercer for a later determination.   Under the decree, the eighty-acre tract claimed by McPherson was sold for a price greater than the mortgage debt.   The mortgagee and purchaser each moved the court to confirm the sale ; McPherson moved to set it aside ; and Mercer filed a motion, asking that he be adjudged the right to redeem the land.   These motions were all heard together, and the court, upon testimony, held that the sale should be confirmed, and, further, that McPherson was entitled to the right of redemption.   Of this ruling Mercer complains.

He contends that the question of the title could not be adjudicated on a motion to confirm the sale.   It was an unusual proceeding.   The court, however, was required to decide who had the right of redemption, and that depended upon ownership.   Issues had already been joined between the parties as to title and ownership.   The plaintiff asked the court to try the issue of the ownership, and consequent right to redeem, in connection with the motions to confirm, and when the defendant objected to a trial at that time the plaintiff insisted upon proceeding, and the case

was tried substantially as if it had been presented on the pleadings alone.   Having invited the action of the court the plaintiff is not now in a position to complain of it.   (*Insurance Co. v. Heckman*, 64 Kan. 388, 67 Pac. 879.)   ·

The testimony showed a sale of the land to McPherson, under which he took exclusive possession and for years exercised dominion over it.   While the consideration had not been paid, he did take care of the interest on the mortgage, procured its extension, paid taxes, made substantial improvements, and otherwise obtained and exercised ownership of the land, and it was finally sold for more then enough to discharge the mortgage debt.   While the deed had not been made, he had acquired the equitable title and an ownership which McDill had never undertaken to forfeit, and of which Mercer was bound to take notice.

It is contended, however, that the right to redeem is statutory ; that none except those expressly named in the statute may avail themselves of its benefits, and that under our statute only an owner holding. the legal title to the land may redeem.   This claim is based mainly upon the following provisions of the act :

"The holder of the legal title at the time of issuance of execution or order of sale shall have the same right of redemption upon the same terms and conditions as the defendant in execution, and also shall be entitled to the possession of the property the same as the defendant in execution as hereinbefore provided."   (Gen. Stat. 1901, §4945.)

While the holder of the legal title is expressly mentioned in this section it is not provided that he shall have the exlusive right of redemption.   That such was not the intention of the legislature is manifest from the language of the following section, which mentions the assigns of the defendant in execution or order of sale

in a class distinct from the holders of the legal title and places them upon an equality of right with the holders of the legal title. (Gen. Stat. 1901, § 4946.)

The rights of assigns and purchasers are also recognized in the preceding section (4944), and in other sections it is provided that a purchaser of an interest may redeem, where no restriction is made with respect to the legal title. The theory of the act relating to redemption is that the owner of a substantial interest, whether or not he is a defendant, may redeem from an execution or mortgage-foreclosure sale, and the like protection is also afforded to creditors, mortgagees, and other lien-holders. The owner of an interest, although he may have no formal conveyance, is more entitled to exercise the right than one holding a naked legal title. The interest and right held by McPherson were certainly paramount to those of Mercer, who took his deed with notice of McPherson's rights.

The court ruled correctly in the determination of the right to redeem, and the judgment is affirmed.

All the Justices concurring.