THE STATE OF KANSAS V. MARTIN HIBBARD.

No. 15,068.   (92 Pac. 304.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Election of Offenses.* Where, in a criminal prosecution based upon an information containing but one count, the evidence shows several acts committed by the defendant any one of which might be the basis of a conviction, and the state being required to elect between them designates a particular transaction as that upon which it will rely for that purpose, a defendant who at a subsequent trial files a motion to require another such election cannot complain that in pursuance of the order of the court sustaining such motion the prosecutor elects to stand upon a different offense from that first indicated.

2. —————— *Change of Venue—Transcript of the Record.* Where a change of venue is ordered in a criminal case the jurisdiction of the court to which the action is sent for trial does not depend upon the transmission of a complete transcript of the record. Any failure of the clerk to comply fully with the statute in that regard can be corrected upon order of such court.

Appeal from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed October 5, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, *E. L. Burton,* and *Al. F. Williams,* for The State.

*S. C. Westcott,* and *E. E. Sapp,* for appellant.

The opinion of the court was delivered by

MASON, J.: Martin Hibbard was prosecuted upon an information in one count charging him with the offense of "statutory" rape—that is, with carnally knowing a female under the age of eighteen years. At a first trial the jury disagreed and were discharged. A second trial resulted in a verdict of guilty, which, however, was set aside. A change of venue was then ordered and the case was sent to another county. There

a conviction was had, from which the defendant appeals.

In each of the three trials the complaining witness testified that the defendant had had sexual intercourse with her upon several occasions, at intervals of a few months, and each time upon the conclusion of the state's evidence in chief the defendant moved that it be required to elect upon which of these acts it would rely for a conviction. In each instance the motion was granted. At the first trial the prosecutor elected to rely upon a transaction described as having occurred in August, 1903, but at the second and also at the final trial he designated one said to have taken place a week after Easter in the same year. Upon these facts the defendant bases the claims of error upon which he most strongly insists. He contends that the state should not have been permitted to introduce evidence of several acts of sexual intercourse with the purpose of determining later upon which to rely as constituting the very offense charged, and that at all events when such an election was once made it held good throughout all subsequent proceedings in the case and could not be changed at a later trial.

In *The State v. Stevens*, 56 Kan. 720, 44 Pac. 992, it was said that it is only in misdemeanors that the state may prove several different offenses under a single charge and then elect upon which it will ask a verdict. The practice with respect to electing between several offenses shown by the evidence varies in different jurisdictions, and sometimes is made to depend upon whether a felony or misdemeanor is charged, but the precise distinction referred to in the Stevens case seems not to be recognized elsewhere. In Illinois, in prosecutions for a misdemeanor, it is within the discretion of the court to refuse to require an election, while where a felony is charged the defendant has an absolute right to require it. (*Goodhue v. The People*, 94 Ill. 37.) In Missouri the practice is confined to felony prosecutions, and does not exist where only a misdemeanor is

charged. (*The State v. Heinze*, 45 Mo. App. 403, 408-411.) Cases where the principle has been applied in both classes of offenses are collected in volume 22 of the Cyclopedia of Law and Procedure, at page 407, a number of them being prosecutions for rape. A more recent case of that kind is *Jamison v. State*, 117 Tenn. 58, 94 S. W. 675.

It is true that it has been held that, regardless of the character of the offense, whenever the prosecution has indicated a particular act as that described in the information or indictment, either by a formal election or otherwise, the situation becomes the same as though the pleading had been amended so as to apply to this act alone, and thereafter no conviction can be had thereon, even at a subsequent trial, based upon any other transaction. (*John Elam v. The State*, 26 Ala. 48; *The People v. Jenness*, 5 Mich. 305.) But in this state the election in the case of misdemeanors is regarded as only a step in the trial, and its effect ceases upon the taking of an appeal (*The State v. Coulter*, 40 Kan. 87, 19 Pac. 368) or the granting of a new trial (*The State v. Peak*, 9 Kan. App. 436, 58 Pac. 1034). Logically there seems no ground for applying a different rule in prosecutions for a felony.

But however that may be, in any view the defendant, Hibbard, has no just ground of complaint. The state under the circumstances of this case had a right to show the various instances of sexual intercourse had by him with the complainant, if not as constituting independent offenses upon any one of which a verdict of guilty might be based, at least as affecting the probability of his guilt of the particular act relied upon for a conviction. (*The State v. Stone*, 74 Kan. 189, 85 Pac. 808.) The order in which the various items of evidence should be offered was within the discretionary control of the court. The state appears to have disclosed what transaction it would regard as constituting the offense charged as soon as it was called upon to do so. This disclosure was made at the time and in the

manner asked by the defendant in his motion to require an election, and he is in no position to complain of the method pursued, for he himself suggested it. If in the second and in the final trial he had consistently maintained that the first election still controlled, and that he could be convicted of no other act than that thereby designated, he would now be entitled to insist upon a ruling upon that proposition. But when at the conclusion of the plaintiff's evidence in each of the subsequent trials he filed a motion asking that the state be then required to elect which of the several acts shown by the evidence it would rely upon for a conviction he abandoned that position. His motion was entirely inconsistent with the idea that an effective election had already been made. His demand for a new election necessarily implied that the former election had spent its force. He invited the procedure adopted and cannot now assail it. (*Mercer v. McPherson,* 70 Kan. 617, 79 Pac. 118.)

We are asked to reëxamine the doctrine of *The State v. Stone, supra,* so far as it permits evidence to be given in a case of this character of acts of sexual intercourse occurring after that upon which a conviction is sought. After a careful consideration of the arguments and authorities to the contrary, however, our confidence in the soundness of that decision remains unshaken. In *The State v. Oswalt,* 72 Kan. 84, 82 Pac. 586, it was said that the larger number of decisions were to the contrary, that being the conclusion reached in the elaborate note there cited. (62 L. R. A. 335-338.) We now incline to the belief, however, that the doctrine of the Stone case is supported not only by the better reason but by the greater weight of authority. This view is well presented in *People v. Koller,* 142 Cal. 621, 76 Pac. 500. Other recent cases of the same tendency are *Sykes v. State,* 112 Tenn. 572, 82 S. W. 185, *State v. Eggleston,* 45 Ore. 346, 77 Pac. 738, and *State of Iowa v. More,* 115 Iowa, 178, 88 N. W. 322.

A further objection is based upon the fact that the

clerk of the court where the action was begun failed to transmit to the court to which it was sent for trial a properly authenticated transcript of the record. It is argued that by reason of this defect the latter court acquired no jurisdiction, the defendant relying upon the numerous list of cases in which appeals and proceedings in error have been dismissed on account of the omission of the moving party to cause a duly certified transcript of the record to be filed in this court. The filing of the transcript, however, has a very different function in appellate procedure from that which it performs where a change of venue is granted. This court acquires jurisdiction on review only when a transcript is filed here, where that method is pursued, but jurisdiction in the court to which a case is sent for trial from another county vests in virtue of the action of the court ordering the change. The appellant's contention is fully disposed of in *The State v. Foulk* (Kan., 1898), 52 Pac. 864, not officially reported, where it was said under circumstances substantially similar to those here presented:

"The clerk of the district court of Kingman county, instead of making out a full transcript and attaching a single certificate thereto, made copies of each of a large number of papers, and attached thereto separate certificates. Among these papers are copies of the information, of the application for a change of venue, and of the order granting the change. This is sufficient to show a transfer of jurisdiction from Kingman county to Harper county. If anything were lacking which the defendant desired to make use of, either on a plea in abatement or bar of the action, or at the trial, on a suggestion of a diminution of the record it would have been the duty of the court to require a transmittal of a full transcript. No such suggestion was made. The attack was at all times on the jurisdiction of the court. This did not depend on the action of the clerk of the Kingman county court. It was not in his power to set aside the order transferring the case to Harper county. It was his duty to make a proper transcript, and this duty he might have been compelled to perform, and it would probably have been error for the court to

refuse to require him to do so. But the papers transmitted were sufficient to show that the district court of Harper county had acquired jurisdiction of the case, and apparently all the papers in the case necessary to a trial of it on its merits were before the court, authenticated by the clerk's certificate. A full transcript, for the purposes of a trial, was not a necessity, as it is where a superior court is called on to review and reverse the action of an inferior one."

Other claims of error are presented and have been considered but are not thought to require separate mention. The judgment is affirmed.