THE STATE OF KANSAS V. G. H. MCKINNEY.

No. 15,341.   (91 Pac. 1068.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE—*Failure to Admonish Jury—Discharge
   —Acquittal.* Where the court sustains defendant's objection
   to proceeding further with a criminal trial in which testimony
   has been taken because of the failure of the court to admonish
   the jury before a separation, and discharges the jury, such
   discharge will be deemed to have been made with the de-
   fendant's consent and will not operate as an acquittal nor
   bar a further prosecution.

2. LARCENY—*Evidence—Possession of Property Recently Stolen.*
   The possession of property recently stolen does not warrant
   the inference that the person in whose possession such prop-
   erty is found is guilty of larceny. It is the unexplained pos-
   session which constitutes *prima facie* evidence of the offense.

3. ——— *Proof Inadequate to Sustain a Conviction.* The evi-
   dence examined and held to be insufficient to sustain a con-
   viction.

Appeal from Finney district court; WILLIAM EASTON
HUTCHISON, judge. Opinion filed October 5, 1907. Re-
versed.

*Fred S. Jackson,* attorney-general, for The State;
*Albert Hoskinson,* of counsel.

*Miller & Foster,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from the convic-
tion of G. H. McKinney for the larceny of a mule. He
was brought to trial before the court and jury on
June 14, 1906, and when the testimony was concluded,
at 11:30 o'clock in the forenoon, the court adjourned
until 1: 30 in the afternoon, but overlooked the duty
of admonishing the jury as to their conduct during
adjournment. When the court reconvened the appel-
lant objected "to any further proceedings in this case
for the reason that at the adjournment of this court

at 11:30 this day the court failed to admonish the jury as required by the statute in such case made and provided." The court sustained the appellant's objection, and discharged the jury because of a mistrial. The case was then set down for trial on June 19, 1906, when the appellant raised the question of former jeopardy because of the first proceedings, but it was decided against him, and upon a trial of the merits there was a verdict of guilty. He insists on this appeal that when the jury were impaneled and testimony was taken jeopardy attached; that no necessity for the discharge of the jury was shown; and that the discharge of the jury operated as an acquittal.

It is true that the discharge of a jury after the trial has begun without an overruling necessity or without the consent of the defendant will ordinarily operate as a bar to further prosecution. Here, however, there was consent, or the equivalent of consent, by the appellant, and it is well settled that if a jury is discharged at the instance of the defendant himself he cannot set up that fact as a bar to a subsequent prosecution. It is argued by appellant that he only interposed an objection and did not express any consent or intend to waive any of his rights. He objected, however, to proceeding further in the case because of a disqualification of that jury. The discharge of the jury was the necessary result of sustaining his objection, and he has no right to complain that the court took the action which he invited.

In a similar case in Ohio a question arose as to the qualification of a juror after the beginning of the trial, and the defendant objected to proceeding further before that jury, specifically stating that he did not intend to waive any of his rights, but it was held that "the discharge of the jury first impaneled was the necessary result of sustaining the objection interposed by the defendant himself, and so did not take place without his consent, but was an act done at his own instance, and would not therefore operate as an acquittal,

nor bar a further prosecution." (*Stewart v. The State,* 15 Ohio St. 155, syllabus.)

In *People v. Gardner,* 62 Mich. 307, 29 N. W. 19, a defendant objected to a jury before whom he stood in jeopardy, and coupled with the objection a statement that he did not intend to waive any of his rights. When the jury were discharged at his instance he claimed that the discharge operated as an acquittal, but the court ruled that his action amounted to consent, saying:

"There were but two possible courses for the court to pursue at the time this objection was made by the respondent: one was to go on, against the respondent's objection, and try the cause before the jury then impaneled; and the other was to accede to the objection made and discharge the jury.

"The discharge of the jury, under the circumstances of the case, must be deemed to have been done upon the request of the respondent, and with his consent. He has no right to complain that his objection was sustained, and the discharge of the jury with his consent cannot be set up as an acquittal." (Page 312.)

(See, also, *Mercer v. McPherson,* 70 Kan. 617, 79 Pac. 118; *The State v. Hibbard, ante,* p. 376, 92 Pac. 304; *Commonwealth v. Sholes,* 95 Mass. 554; *Peiffer v. The Commonwealth,* 15 Pa. St. 468, 53 Am. Dec. 605; *Hughes v. The State,* 35 Ala. 351; *State v. Davis,* 80 N. C. 384; *State v. Coleman,* 54 S. C. 282, 32 S. E. 406; *Arcia v. The State,* 28 Tex. App. 198, 12 S. W. 599; *The Commonwealth v. Cook and others,* 6 S. & R. [Pa.] 577, 9 Am. Dec. 465; *Rex v. Stokes,* 6 C. & P. [Eng.] *151; *Kinlock's Case,* 1 Fost. [Eng.] 16.)

It is next argued that the evidence does not support the conviction. It seems that the testimony offered in behalf of the state is singularly meager—less, it appears, than was produced on the first hearing. There is little, if any, testimony connecting the appellant with the offense other than his possession of the animal soon after it was stolen. It was shown that some mules had been kept in a pasture in Finney county. Mr. Williams, the owner, saw them in the pasture April 8,

1906, and when he visited the pasture again, on April 11, 1906, he observed that they had been taken out. On April 12, 1906, one of the mules was in the possession of the appellant in Sherman county, more than 100 miles from the pasture. The animal was not found by Williams until April 20, 1906, and then was in the possession of a man named Stevens, in Wallace county. There was no attempt to show that the appellant had been in Finney county or had even been absent from his home at the time of the larceny. No incriminating circumstances were shown, unless they are to be found in his statements explaining his possession of the mule. Recent possession alone does not warrant an inference of guilt. It is the unexplained possession which constitutes *prima facie* evidence of a larceny, and here there was an explanation which, read from the record, appears to be consistent with honesty. The presumption of guilt arising from the recent possession of the stolen property by the appellant is weakened to some extent by the lapse of time, as it appears that four days elapsed after the mule was last seen in the pasture before it was shown to be in the possession of the appellant. Just when it was taken from the pasture does not appear from the testimony.

Looking at the testimony of the defendant explaining how he came into possession of the mule, and measuring it as testimony is ordinarily measured, we cannot say that the recent possession of the stolen property was unexplained or that the scant testimony offered in behalf of the state is sufficient to uphold a verdict. The judgment is therefore reversed and a new trial awarded.

SMITH, PORTER, GRAVES, BENSON, JJ., concurring.

JOHNSTON, C. J. (dissenting): I am unable to concur in the conclusion that the testimony is insufficient to support the verdict of the jury and the judgment of the trial court. The conviction, it is true, rests mainly upon the recent possession of the animal by the appel-

lant, but there is coupled with it the inferences to be drawn from the explanations made by him with reference to his possession of the mule. He stated to Williams, and testified at the trial, that he purchased the mule by lamplight, at 8 : 30 o'clock in the evening of April 12, 1906, from a stranger. He described the appearance of this man, but testified that he did not ask him where he came from or where he was going. Nor did he ask him any questions as to where he obtained the mule. He made the further statement that the stranger prepared a formal bill of sale, signing and delivering it to the appellant. Then there was the additional circumstance of the sale of the mule within three or four days after he acquired it.

But if it could be said that the only matter for the jury to consider was the unexplained recent possession of the stolen property, the verdict cannot well be overturned. It has frequently been decided that the unexplained possession of property found to have been recently stolen is evidence from which a jury may infer that the person in whose possession such property is found is guilty of larceny. (*The State v. Cassady,* 12 Kan. 550; *The State v. Ingram,* 16 Kan. 14; *The State v. Henry,* 24 Kan. 457; *The State v. Hoffman,* 53 Kan. 700, 37 Pac. 138.) Here the possession was recent— only four days after the mule was last seen in the pasture by Williams, and within a day of the time that he missed it. This much without explanation made a *prima facie* case from which the appellant's guilt might be inferred. Explanations were made by the appellant, but evidently the jury did not credit them. How much credence should be given to his statements was for the jury to decide. They were not compelled to accept his statements as true, and his appearance and manner in testifying may have been such as to lead them to the belief that his explanations were untrue. It would be an invasion of the province of the jury to hold that the *prima facie* case established by the state had been overcome by the appellant's testimony, which the jury

must have found was unworthy of belief. The jury were properly instructed upon the rule of recent possession of stolen property, and were informed that a conviction could not rest upon the recent possession of stolen property unless it was unexplained. The verdict, which was approved by the court, means that the appellant failed in his explanation. His claim that the mule was purchased by lamplight from a stranger, with so little inquiry or information as to his coming or going or how the mule had been obtained, as well as the early sale to another, may have seemed peculiar to the jury and in some measure led them to discredit his explanation. It may be admitted that the verdict would have been more satisfactory if there had been more direct and positive testimony of the larceny, but that which was offered seems to have been sufficient to satisfy the understanding and consciences of the jury that the appellant was guilty, and since they had a better opportunity to determine the truth than this court has I think that the verdict should not be overthrown.

Mr. Justice BURCH and Mr. Justice MASON join in this dissent.