(No. 5432. February 13, 1930.)

STATE, Respondent, v. N. E. MONTGOMERY, Appellant.

[285 Pac. 467.]

S. T. Lowe, for Appellant.

764

W. D. Gillis, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was charged by information with the crime of receiving stolen property, under the provisions of C. S., sec. 8438. The first trial resulted in a mistrial by reason of failure of the jury to agree upon a verdict. Upon the second trial appellant was convicted, and appeals from the judgment and an order denying a motion for new trial. Numerous errors are assigned and relied upon by appellant for a reversal of the judgment. Only such assignments as we deem of importance will be discussed.

■■ The point sought to be made that the court erred in overruling appellant's motion to quash the information is without merit. The depositions taken at the preliminary hearing disclosed that a public offense had been committed and that there was sufficient cause to believe appellant guilty thereof, which being true it was the duty of the magistrate to hold appellant for trial in the district court for any offense disclosed at the preliminary hearing. (*People v. Lee Look*, 143 Cal. 216, 76 Pac. 1028; *People v. Warner*, 147 Cal. 546, 82 Pac. 196; *People v. Storke*, 39 Cal. App. 633, 179 Pac. 527; *People v. Hinshaw*, 194 Cal. 1, 227 Pac. 156.) Nor is there any merit in the contention that appellant was never legally held to answer the offense set forth in the information because the committing magistrate inadvertently in his order of commitment held appellant to answer upon the offense charged in the complaint instead of that contained "in the within depositions." (*State v. Main*, 37 Ida. 449, 216 Pac. 731.)

■■ The contention is made that the information fails to state facts sufficient to constitute a public offense. In order to be sufficient the information need only charge the offense as defined by the code or in language of equivalent import. It is unnecessary to allege that the defendant received the stolen property both for his own gain and to prevent the owner from again possessing his property. The allegation of either intent, under the statute, is sufficient. (22 Cal. Jur., p. 558, sec. 4.)

■ We are not in accord with the contention that an examination of the information discloses that there is no sufficient allegation that the property had been stolen. After charging appellant with receiving certain property, etc., the information continues with the words, "said N. E. Montgomery then and there well knowing the said personal property and each and every article and part thereof to have been stolen. . . . . " We are admonished by the provisions of C. S., sec. 8835, that "no indictment (or information) is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits." The information substantially conforms to the provisions of C. S., secs. 8825, 8834, and the trial court did not err in overruling appellant's demurrer thereto. (*State v. Brown,* 36 Ida. 272, 211 Pac. 60; *State v. Hagan,* 47 Ida. 315, 274 Pac. 628.)

■ Appellant contends that there was a fatal variance between the allegations in the information and the proof upon the trial as to the ownership of the property stolen and received. The information charges the property to have been that of Elizabeth Sanders. The proof shows the property was delivered to Elizabeth Sanders by her son for the purpose of disposing of the same by sale. The property was owned by Elizabeth Sanders or some member of her family. We think this was a sufficient possession to support the allegation of ownership in the information. (*State v. Farris,* 5 Ida. 666, 672, 51 Pac. 772.)

■ Error is sought to be predicated upon the refusal of the court to strike from the record all the testimony of the transactions relating to offenses on which the state elected not to proceed, the state having elected to rely for conviction upon the seventh offense. It is insisted that the purpose of the introduction of proof of other offenses was to show appellant's guilt and not to show knowledge or intent. Evidence of other crimes is always admissible when such evidence tends directly to establish the particular

crime; and evidence of other crimes is usually competent to prove the specific crime when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others. (*State v. O'Neil*, 24 Ida. 582, 135 Pac. 60; *People v. Grutz*, 212 N. Y. 72, Ann. Cas. 1915D, 167, 105 N. E. 843, L. R. A. 1915D, 229; 8 Cal. Jur., p. 61 et seq.) Any pertinent fact which throws light upon the subject under judicial consideration, the accused's guilt or innocence of the crime for which he is charged and on trial, is admissible; nor is such probative fact to be excluded merely because it may also prove or tend to prove that the accused has committed another crime or many crimes. (*State v. King*, 111 Kan. 140, 22 A. L. R. 1006, 206 Pac. 883, 884; 8 R. C. L., p. 201 et seq.) When a defendant is shown to have received stolen goods from a thief, evidence of previous dealings with the thief in like transactions is admissible to show that the defendant at the time knew that the property had been stolen. (*People v. Willard*, 92 Cal. 482, 28 Pac. 585, 587.) This seems to be particularly true when all the property made the subject of proof was taken from the same owner and delivered to the defendant. In the instant case there is ample proof that appellant received the stolen goods from the thief at different times at the same place under such circumstances that any reasonable person of ordinary observation would have known that the goods were stolen.

At the first trial the evidence disclosed seven distinct and separate offenses. At the conclusion of the state's evidence appellant made a motion that the state be required to elect upon which of the seven offenses it would rely for a conviction. The court required the state to elect, whereupon it elected to stand upon the sixth offense. At the second trial, at the conclusion of the state's evidence, upon appellant's motion that the state elect upon which of the seven offenses it would rely for a conviction, the state elected to stand upon the seventh offense. Appellant here urges

that the court erred in denying his motion in arrest of judgment for the following reasons: (1) The election of the state made at the close of the evidence at the first trial to proceed on the sixth offense constituted a dismissal of each and all of the other offenses; (2) The election of the state to proceed upon the sixth offense and the granting by the court of the motion of appellant to strike all the testimony pertaining to the seventh offense at the first trial amounted to an acquittal as to the seventh offense; (3) Upon the second trial the state was bound by its election made at the first trial and could not thereafter elect a different offense from the one which it elected to proceed on at the first trial; (4) Appellant was twice put in jeopardy on the seventh offense, the offense on which the state elected to proceed at the second trial, and the only offense upon which the jury could have legally returned a verdict at the second trial was the sixth offense, the one elected by the state at the first trial.

The question presented is new in this jurisdiction. It will be observed that it was upon the motion of appellant at both trials that the state be required to elect. In *State v. Hibbard*, 76 Kan. 376, 92 Pac. 304, 305, it was said:

"The state appears to have disclosed what transaction it would regard as constituting the offense charged as soon as it was called upon to do so. This disclosure was made at the time and in the manner asked by the defendant in his motion to require an election, and he is in no position to complain of the method pursued, for he himself suggested it. If, in the second and in the final trial, he had consistently maintained that the first election still controlled, and that he could be convicted of no other act than that thereby designated, he would now be entitled to insist upon a ruling upon that proposition. But when, at the conclusion of the plaintiff's evidence in each of the subsequent trials, he filed a motion asking that the state be then required to elect which of the several acts shown by the evidence it would rely upon for a conviction, he abandoned that position. His

motion was entirely inconsistent with the idea that an effective election had already been made. His demand for a new election necessarily implied that the former election had spent its force. He invited the procedure adopted, and cannot now assail it. *Mercer v. McPherson,* 70 Kan. 617, 79 Pac. 118.''

And in *Williams v. State,* (Okl. Crim. App.) 268 Pac. 329, 330, the court said:

''When a case has been tried and has resulted in a mistrial or a new trial has been granted, it stands in the same situation as if no trial had taken place, and the state upon a second trial may elect upon which act it will rely as in the first instance. The state is not required to elect upon which act it will rely until the evidence for the state is concluded. An election of a particular act in the first trial did not preclude the state upon a second trial from electing a different act.''

See, also, *State v. Peak,* 9 Kan. App. 436, 58 Pac. 1034; *State v. Keerl,* 33 Mont. 501, 85 Pac. 862; *State v. Champeau,* 52 Vt. 313, 36 Am. Rep. 754; *Linden v. United States,* 2 Fed. (2d) 817.

Numerous objections are made to the admission and exclusion of certain evidence. We find no prejudicial error in the action of the court in this regard.

At the close of the evidence appellant requested the court to instruct the jury to return a verdict of not guilty, which was denied, and we think correctly so. (*State v. George,* 44 Ida. 173, 258 Pac. 551; *State v. Smith,* 46 Ida. 8, 265 Pac. 666; *State v. Murphy,* 29 Ida. 42, 156 Pac. 908.)

Appellant urges that due to misconduct of the prosecuting attorney in his argument to the jury prejudicial error was committed. Standing alone, we are not inclined to reverse the judgment upon this ground, being of the opinion that the evidence was so clear and convincing that the verdict could not have been otherwise than as found by the jury. There was ample evidence independent of the testimony of the thief to connect appellant with the commission of the crime.

We have carefully considered the instructions given by the court of its own motion and instructions offered on behalf of appellant and refused, and find no reversible error in the action of the court in regard thereto.

No reversible error appearing in the record it follows that the judgment and order overruling motion for new trial should be affirmed, and it is so ordered.

Givens, C. J., and Lee and Varian, JJ., concur.