THE STATE OF KANSAS v. GEORGE KLAUER.

**No. 13,900.** (78 Pac. 802.)

SYLLABUS BY THE COURT.

JURY AND JURORS — *Discharge Held an Acquittal—Case Followed.* In a criminal case the jury, after deliberating on their verdict for twenty-four hours, returned with a statement that they were unable to agree, and were discharged. The judge was satisfied in his own mind that they could not agree, but this conclusion was reached from the length of time the jury had been deliberating, and from inquiries made by the jury. The court made no investigation or inquiry before the jury were discharged whether they could agree or not, and no judicial investigation or determination was made at the time and no finding of the necessity for a discharge entered of record. *Held,* that, within the rule laid down in *The State v. Allen,* 59 Kan. 758, 54 Pac. 1060, the discharge of the jury under the circumstances amounted in legal effect to an acquittal of the accused.

Appeal from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 1, 1904. Affirmed.

STATEMENT.

GEORGE KLAUER was tried in the district court on a complaint originally filed before a justice of the peace in which he was charged in separate counts with fifteen distinct violations of the prohibitory liquor law. The question of his guilt under nine counts was submitted to the jury. After hearing the evidence and instructions from the court the jury retired on Saturday, February 22, to consider their verdict. Not having agreed, they were permitted to separate until Monday morning, February 24. On that day they returned the following verdict:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find the defendant, George Klauer, guilty as charged in the —— counts of the complaint; not guilty as charged in the first, fourth, ninth, twelfth, thirteenth and fourteenth counts of the complaint; and we are unable to agree as to the tenth, eleventh and fifteenth counts of the complaint.          S. W. WILLIS, *Foreman.*"

This verdict was received, but by some oversight no journal entry was made at the time showing anything beyond the mere receipt of the verdict. Afterward, on April 8, 1903, the court caused a journal entry *nunc pro tunc* to be made, as follows:

"THE STATE OF KANSAS, *Plaintiff,*
          *v.*                                No. 3860.
GEORGE KLAUER, *Defendant.*

"Now, on this 8th day of April, 1903, it is made to appear to the court that by oversight the entry which was made upon the journal on the 24th day of February, 1902, is not complete and does not fully show the facts as they existed at the time, and is not full enough to show the final disposition of the case at the time by the court, and for the purpose of completing said journal entry and making the same speak the

25—70 KAN.

truth in relation to the proceedings had at the time, it is ordered by the court that an entry be now made upon the journal of the court *nunc pro tunc*, the same to be treated and considered as a part of the journal entry of February 24, 1902, found in journal No. 35, page 575, and to be construed in connection with that journal entry; that so far as there may be any apparent conflict between the entry now ordered to be made and said entry of February 24, this entry now ordered to be made shall control.

"While the jury were still deliberating as to their verdict the court received a communication from them inquiring whether they could return a verdict upon the counts upon which they could agree without being able to agree upon certain other counts in the complaint. After having considered said inquiry, the court, with the assistance of counsel for the state and counsel for the defendant, determined that a verdict could be properly received in which the jury had agreed upon certain counts and were unable to agree upon other counts; and thereupon the jury, while in the box in open court, were advised by the court that such a verdict would be received. Thereafter, the jury, after further deliberation, announced to the court that they had agreed upon a verdict, and they were then brought into open court and the verdict heretofore recorded in the journal was received. At the time of receiving said verdict, and after it had been read in open court, and while the jury were still in the jury-box, defendant's counsel moved the court for the discharge of the defendant, which motion was overruled, to which ruling the defendant excepted at the time.

"At the time said verdict was received the judge of the court was satisfied in his own mind that the jury had been out a sufficient length of time to consider as to their verdict, and that there was no probability that they would agree upon a verdict different from that which was returned, but this conclusion in the mind of the judge of the court existed from the length of time the jury had been engaged in deliberation and from the inquiry the jury had made as here-

inafter recited. The court made no investigation or inquiry at the time the jury was brought into court and discharged as to whether they could probably agree or not, and the court made no judicial investigation or determination of the question at that time, and made no finding thereon at the time the jury was discharged.

"It is therefore ordered and adjudged by the court that the jury be and is hereby discharged from the further consideration of this case ; that the defendant, George Klauer, is hereby discharged as to the first, fourth, ninth, twelfth, thirteenth and fourteenth counts of the complaint, and that the defendant be held for further trial upon the tenth, eleventh and fifteenth counts of the complaint ; that the case be continued for the term, and that the defendant enter into a bond for his appearance at the next term of the court.

"To all of which order, judgment and ruling of the court the defendant, George Klauer, excepts.
                          Z. T. Hazen, *Judge.*"

On April 18, 1903, the accused filed a plea in bar to a further prosecution under the tenth, eleventh and fifteenth counts of the complaint, on which he was held for trial when the verdict was received, on the ground that no lawful reason existed for the discharge of the jury, and that he had been once in jeopardy as to the offenses charged in said counts. The court sustained the plea in bar. The state has appealed.

*C. C. Coleman*, attorney-general, and *A. L. Redden*, for The State.

*G. C. Clemens*, for appellee.

The opinion of the court was delivered by

Smith, J. : Section 208 of the code of criminal procedure (Gen. Stat. 1901, § 5650) makes the provisions of the code of civil procedure relative to the

discharge of jurors for inability to agree applicable to criminal cases. Section 4728, General Statutes of 1901 (Civil Code, § 281), provides:

"The jury may be discharged by the court . . . after they have been kept together until it satisfactorily appears that there is no probability of their agreeing."

The proposition involved is whether the discharge of the jury in the present case operated, in its legal effect, as an acquittal of defendant. This question was before the court in *The State v. Allen*, 59 Kan. 758, 54 Pac. 1060. In that case the record said: "The jury not having agreed upon a verdict in the above-entitled cause, the jury is discharged from further consideration of this case." It was held that a further prosecution could not be had. Nothing appeared in the record showing that the jury might not have agreed if given further time, nor was there any record entry of an absolute necessity for their discharge. The court said, at page 759:

"It does not appear upon the record that the jury could not have agreed, nor whether a reasonable time was given them within which to reach an agreement. It does not show that the jurors informed the court or held the opinion that an agreement was improbable, nor was there any finding of the court that the jury after being given a reasonable time for deliberation were unable to agree upon a verdict; indeed, it does not appear that the court exercised its judgment on the question as to whether or not there was a probability of agreement or necessity for the discharge of the jury without having rendered a verdict."

Again:

"The court cannot arbitrarily discharge a jury, nor should it ever be discharged until it appears from the statements of the jurors and the facts and circum-

stances of the case that every reasonable hope of agreement has vanished.''   (Page 760.)

The case of *The State v. Smith*, 44 Kan. 75, 24 Pac. 84, 8 L. R. A. 774, 21 Am. St. Rep. 266, was quoted, to the effect that the record ought to show affirmatively the existence of the facts which induced the court to exercise the extraordinary power of discharging the jury, in order that the constitutional rights of the accused might be preserved.   The court also referred to *The State v. Reed*, 53 Kan. 767, 37 Pac. 174, 42 Am. St. Rep. 322, where it was held that the discharge of a jury without sufficient reason will ''bar a further trial.''   The court further said :

''The court cannot arbitrarily determine whether reasons for discharge exist, but that the question of the necessity for discharge was to be heard and determined by judicial methods ; and such methods certainly contemplate that a record of the findings and determinations of the court should be made.''   (*The State v. Allen*, supra, page 761.)

In the Allen case it was decided that there must exist :

''*First*, an absolute necessity for such discharge ; *second*, the court must make inquiry and find and determine that such necessity existed at the time of the discharge ; and, *third*, the essential facts as to such necessity and the findings of the court thereon must be made a matter of record ; or the defendant may successfully plead former jeopardy when placed on trial on the same charge.''   (Page 761.)

Applying these rules, it is clear that there was no compliance with them in the case at bar.   The finding that the judge was satisfied that an agreement of the jury could not be had was a conclusion drawn, not from a judicial investigation on the part of the court, but from a consideration of the length of time devoted

by the jury in attempting to reach a verdict, and inquiries by the jury. There is no showing that the court endeavored to ascertain whether further deliberation might result in an agreement, and no effort whatever was made on its part to determine by an examination whether a probability existed that they might agree if kept together for a longer time. The record does not show the essential facts respecting the necessity for a discharge, for the reason that no necessity existed. The finding is :

"At the time said verdict was received the judge of the court was satisfied in his own mind that the jury had been out a sufficient length of time to consider as to their verdict, and that there was no probability that they would agree upon a verdict different from that which was returned, but this conclusion in the mind of the judge of the court existed from the length of time the jury had been engaged in deliberation, and from the inquiry the jury had made as hereinafter recited. The court made no investigation or inquiry at the time the jury was brought into court and discharged as to whether they could probably agree or not, and the court made no judicial investigation or determination of the question at that time, and made no finding thereon at the time the jury was discharged."

The case of *The State. v. Hoger*, 61 Kan. 504, 59 Pac. 1080, 48 L. R. A. 254, is not in point.

The ruling of the district court is affirmed.

All the Justices concurring.