No. 25,458.

THE STATE OF KANSAS, *Appellee*, v. JAMES L. STIFF, *Appellant*.

### OPINION ON REHEARING.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion on rehearing filed April 11, 1925. Former order adhered to. (For original opinion of reversal, see 117 Kan. 243, 231 Pac. 48.)

*L. D. Moore,* of Winfield, for the appellant.

*Charles B. Griffith,* attorney-general, *Frank C. Baldwin, C. A. Burnett,* assistant attorneys-general, *C. H. Quier,* county attorney, and *S. M. Brewster,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: On the application of the plaintiff, a rehearing was granted in this action. The former opinion is reported at *The State v. Stiff,* 117 Kan. 243, 231 Pac. 48. The second proposition there discussed was not treated in sufficient detail.

The facts stated in the opinion remain as they were there stated. In addition, it should be noticed that at the first trial, when the state, after the jury had been sworn, asked leave to amend the information, the defendant objected and that the court thereupon denied the application of the state to amend the information, set aside the order denying the motion to quash the information, quashed it, and discharged the jury from further consideration of the case. At that time the defendant did not request that the information be quashed, did not make any objection to going ahead with the trial, did not request that the jury be discharged, and did not object to the order sustaining the motion to quash the information and discharging the jury. He remained silent.

The state argues that the defendant, by his motion to quash the information, invited the orders made and waived his right to plead former jeopardy. The court, on its own motion, set aside the order denying the motion to quash, and discharged the jury. The defendant did not then present his motion to quash, nor request that it be sustained. He did not invite the action of the court.

The situation now presented is the same as it would have been if the trial had proceeded to a verdict of guilty, the defendant had been asked if he had any cause to show why judgment should not be pronounced against him, he had remained silent, the state had then asked leave to amend the information, the defendant had objected,

the court had denied leave to amend, and had then set aside the verdict and had sustained the motion to quash.

On the trial of a person charged with a felony, courts should not hold that constitutional rights are waived unless the defendant directly waives them or requests or consents to some action that in itself amounts to a waiver. Courts should not hold that such rights are waived by silence. Here the defendant was silent when the information was quashed and the jury was discharged.

In 16 C. J. 254 the following language is found:

"A defendant cannot plead former jeopardy where the jury before which he was first on trial was discharged on his own motion or with his consent. But the mere silence of a defendant, or his failure to object or to protest against an illegal discharge of the jury before verdict, does not constitute a consent to such discharge or a waiver of the constitutional inhibition against a second jeopardy for the same offense."

Jeopardy had not attached at the time the defendant presented his motion to quash the information, nor at the time the motion was denied. Filing a motion to quash a valid information does not prevent jeopardy from attaching, when a jury, after the motion is denied, is sworn to try the cause. Leaving the motion on file after it was denied did not prevent jeopardy from attaching. Neither the filing of the motion nor the leaving of it on file waived any constitutional right of the defendant.

The state cites *Brown v. The State,* 109 Ga. 570; *Blocher v. State,* 177 Ind. 356; and *Cambron v. State,* 191 Ind. 431. Each of these cases in effect holds that, where a defendant files a motion to quash an indictment or information against him, which was denied, and where the court, after the jury had been sworn to try the cause and jeopardy had attached, sustained the motion and discharged the jury, the defendant may thereafter be tried for the same offense on another charge. Those courts held that the defendants, by their motions to quash, waived their right to plead the jeopardy that had attached. The reasoning in those cases appears to be very technical against the defendants.

This court holds that, after jeopardy had attached, it was not avoided by the court going back to the motion which had been denied, sustaining it, and discharging the jury.

The order previously made is adhered to.

MASON, J. (dissenting): I think the case falls within the rule that the sustaining of a motion to quash the information presented by

14—118 KAN.

the defendant after jeopardy has attached leaves him subject to further prosecution. The record shows that the court did not quash the information of his own initiative, but sustained the defendant's motion to quash. The defendant was under no obligation to object to a dismissal of the case, but in remaining silent when the announcement was made that his motion was sustained I think he may fairly be regarded as acquiescing in the court's treating him as still asking for the quashing of the information.

DAWSON and HOPKINS, JJ., join in the dissent.