No. 32,395

The State of Kansas, *Appellee,* v. Frank Arnold, *Appellant.*

(50 P. 2d 1008)

 Opinion filed November 9, 1935. 

Tom Harley, Tom Harley, Jr., both of Wichita, and E. C. Minner, of Dodge City, for the appellant.

Clarence V. Beck, attorney general, Earl B. Swarner, assistant attorney general, Forrest D. Smythe, special assistant attorney general, and Harold Zimmer, county attorney, for the appellee; Howard Rooney and W. C. Gould, both of Dodge City, of counsel.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment of conviction for the crime of forgery.

The principal facts and proceedings antecedent to this prosecution were these:

One Holland was arrested in Ford county on a charge of feloniously transporting a stolen automobile through Ford county. Holland was bound over to the district court, his bond being fixed at $3,000. The defendant, Frank Arnold, forged the signature of one Samuel Yeager, a substantial citizen of Sedgwick county, to a recognizance and presented and delivered it to the sheriff of Ford county for the purpose of securing Holland's release from custody. The sheriff accepted the recognizance and Holland was set at liberty until his appearance would be required for his trial at the next term of the district court.

Some time later it was discovered that the signature of Samuel Yeager on the recognizance was a forgery, and Arnold was arrested on a criminal charge formulated in accordance with R. S. 21-620—that Arnold—

"Did then and there unlawfully, feloniously and willfully and with intent to have same uttered and passed and in consideration of the release of one A. J. Holland from the custody of the sheriff of Ford county, Kansas, deliver to Will Zurbucken, sheriff of Ford county, Kansas, a certain falsely made, forged and counterfeited instrument of writing, to wit (recognizance incorporated) contrary to the form of the statute," etc.

Arnold waived formal arrest, pleaded not guilty, and waived preliminary examination. At his trial in the district court the state introduced evidence of all the material facts, including details of the forgery of the name of Yeager as surety. In the body of the recog-

nizance, which had been drawn by an attorney employed by Arnold, there was an inaccuracy in the recital concerning the crime for which Holland had been bound over. The recognizance stated:

"Whereas, A. J. Holland has been arrested and is now held in custody to answer the charge of having committed the offense of *'buying* an automobile knowing it to have been stolen,' " etc.

At the conclusion of the state's evidence, counsel for defendant moved for an instructed verdict of not guilty on the ground that the evidence failed to prove the commission of. the offense charged and also because it failed to prove any offense.

The record then reads:

"THE COURT: The court sustains your motion as laid yesterday, wherein you contended that the evidence offered fails to prove the commission of the offense charged in the second count of the information, and sustains it on the ground finding that that constitutes a variance between the information and the proof."

[COUNSEL FOR DEFENDANT]: "And you will so instruct the jury?

"THE COURT: And I will instruct the jury.

. . . . . . . . . . . . . . .

"THE COURT: *Gentlemen of the Jury:* You are excused from further consideration of this case, the court having sustained a motion of the defendant on the ground that the evidence offered fails to prove the commission of the offense charged in the second count of the information; in other words, that there is a variance between the information and the proof. You will be excused so far as this case is concerned."

[COUNSEL FOR DEFENDANT]: "We ask that the court instruct the jury to bring in a verdict for the reason—the defendant asks that the court instruct the jury to retire to their jury room and bring in a verdict of not guilty.

"THE COURT: I think the same effect is reached by discharging the jury at this time from further consideration of the case. That is all, gentlemen."

Defendant was forthwith discharged, but immediately rearrested on a charge formulated in accordance with R. S. 21-621, which, with other appropriate recitals, alleged that—

"On or about the first day of April, 1933, one Frank Arnold did then and there unlawfully, feloniously and willfully and with the intent to defraud one Will Zurbucken, sheriff of Ford county, Kansas, and in consideration of the release of one A. J. Holland from the custody of· the said Will Zurbucken as sheriff of Ford county, Kansas, did then and there unlawfully, feloniously and willfully and intentionally pass, utter and publish as true to the said Will Zurbucken, sheriff of Ford county, Kansas, a certain forged, counterfeited and falsely made instrument of writing, to wit:" etc.

The recognizance with a qualifying affidavit and forged signature of Samuel Yaeger, as surety, was incorporated in the information.

When the cause came on for trial defendant filed a plea in bar based upon the inconclusive trial whose proceedings have been stated above. This plea was overruled. A jury was called; defendant interposed all the usual objections; these were overruled; the state's evidence was adduced; defendant's motion for a directed verdict was overruled. His counsel testified to some merely formal matters and the files of the preceding trial were offered in evidence. The jury returned a verdict of guilty. Defendant's motions for a new trial and in arrest of judgment were overruled, and defendant was sentenced to a term in the penitentiary of one to seven years.

Defendant appeals, contending first that the recognizance was void and consequently it could not be a valid basis for the crime charged. The defect in the recognizance consisted of an inaccurate recital that the criminal charge for which Holland was in custody and whose release was effected through the forgery committed and uttered by Arnold was *buying* an automobile knowing it to be stolen, when the actual charge was that of *transporting* a stolen automobile.

The forged recognizance was drawn by defendant's attorney. He or his counsel or both of them inadvertently or purposely misstated the nature of the charge against Holland; but that fact was of no consequence since it accomplished the purpose for which it was prepared, forged and uttered—deceiving the sheriff and securing the release of Holland from custody. There is no suggestion, and there could be none, that Holland was being held in custody under two criminal charges and that some doubt might exist as to which of them the recognizance was to apply. In *Tillson v. State,* 29 Kan. 452, where the defense to an action on a criminal recognizance pleaded certain defects in the instrument, this court said:

"All that was ever necessary was, that the recognizance should either state or show that the defendant was charged with the commission of a public offense; and in any case if it was desired to know the exact nature and character of the offense, the parties so desiring were required to examine the other proceedings in the case. (See authorities above cited, and *Gay v. The State,* 7 Kan. 394, 404.)" (p. 457.)

In a case frequently cited in textbooks and decisions, *O'Brien et al. v. The People,* 41 Ill. 456, where the defense to an action upon a recognizance was that the principal cognizor had been examined and committed on a charge of *burglary* and the recognizance given to release him provided for his appearance to answer to a charge of *larceny,* it was held that this inaccuracy could not avail as a defense by his sureties.

In the similar case of *The People v. Meacham,* 74 Ill. 292, it was said:

"It matters not whether the principal in a recognizance was examined on the charge for which he is indicted or some other, provided it was for a bailable offense. If examined for any offense which is bailable, the recognizance will be good." (Syl. ¶ 2.)

In another similar case, *Mooney v. The People,* 81 Ill. 134, it was said:

"It is no valid objection to a recognizance, that it recites the finding of an indictment for larceny only, when, in fact, it was for burglary and larceny. If it binds the defendant also to abide the order and judgment of the court, and not depart the same without leave, this will require the accused to appear and answer any other charge that may be preferred." (Syl. ¶ 3.)

See, also, 6 C. J. 997, 998, and note in 38 L. R. A., n. s., 312, 325, *et seq.*

An examination of R. S. 62-1226 makes it clear that notwithstanding the inaccurate recital as to the nature of the criminal charge against Holland, to effect whose release the forged recognizance was fraudulently delivered to the sheriff, an action on the recognizance could not have been defeated; and no good reason appears why it should be held less efficacious in the criminal prosecution of present concern.

Defendant's next contention is that the section of the crimes act (R. S. 21-621) under which this prosecution was predicated was not applicable. Defendant argues that the case first brought against defendant under R. S. 21-620, and which proceeded to the conclusion of the state's evidence, was properly brought. Counsel for plaintiff and defendant are agreed that that case was taken from the jury on the ground that there was a variance between the information and the proof. Indeed, the scant record of that case submitted for our review, quoted at length above, is to the same effect. This court is therefore justified and indeed constrained to assume that in law and fact there had been a substantial variance between the information and the proof in the first case. Consequently there was nothing to preclude defendant's subsequent arrest and prosecution on a charge more accurately formulated to conform to the evidence. Pertinent provisions of the criminal code cover this precise situation. These read:

"When it appears at any time before verdict or judgment that a mistake has been made in charging the proper offense, the defendant shall not be dis-

charged if there appears good cause to detain him in custody; but the court must recognize or commit him to answer to the offense, and if necessary recognize the witnesses to appear and testify." (R. S. 62-1441.)

"When a jury has been impaneled in either case contemplated in the last two preceding sections, such jury may be discharged without prejudice to the prosecution." (R. S. 62-1443.)

The next contention is that in the instant case there was a fatal variance in proof as to the party defrauded. The charge has been set out above. The evidence conformed thereto and covered all phases of the charge. The court's instruction summarized the charge and appropriately advised the jury in respect thereto. And the verdict of the jury descended into details with unusual particularity. It reads:

"We, the jury impaneled and sworn in the above-entitled case, do upon our oaths find the defendant, Frank Arnold, guilty of passing, uttering or publishing as true to Will Zurbucken, sheriff of Ford county, Kansas, a forged instrument, knowing such instrument to be forged, with the intent to defraud the said Will Zurbucken, as defined by section 21-621, Revised Statutes of Kansas of 1923, and as charged in the information."

Defendant argues that a criminal recognizance does not run to the sheriff. It is an obligation to the state. The person recognized is a state prisoner and in its custody. All quite true, of course; but the state can only act through its authorized functionaries. The sheriff was and is the state's authorized functionary to receive, approve and accept the recognizance. He had charge of the state's prisoner. Only the sheriff could lawfully release the prisoner except by order of court. The pertinent provision of statute reads:

"A sheriff or other officer arresting a person under a warrant or other process, or holding a person in custody under a mittimus, in or upon which warrant or mittimus it shall appear that the person is to be admitted to bail in a specified sum, may take the bail and discharge the person from actual custody. . . ." (R. S. 62-1215.)

The only way the state could have been defrauded in this case was by perpetrating a fraud on the sheriff—by inducing him to receive and accept as genuine the recognizance containing the forged signature of the purported surety Samuel Yeager. (R. S. 21-133.) The contention that there was a fatal variance in the proof as to the party defrauded is not sustained.

It is finally contended that defendant's special plea in bar on the ground of former jeopardy should have been sustained. This plea is not available when an inconclusive result had been reached in a former criminal trial at the instigation of the defendant himself.

(*State v. McKinney*, 76 Kan. 419, 420, 91 Pac. 1068; *State v. Reynolds*, 140 Kan. 269, 36 P. 2d 323, and citations; 16 C. J. 254; and note in 135 A. S. R. 70-73.)

The judgment is affirmed.