No. 34,895

In the Matter of the Application of PAUL LEWIS for a Writ of Habeas Corpus.

(102 P. 2d 981)

Opinion filed June 8, 1940.

*Edward Rooney, Jacob A. Dickinson* and *Frank E. Miller*, all of Topeka, for the petitioner.

*Paul L. Harvey*, county attorney, *Ward D. Martin, Edward Curry*, assistant county attorneys, and *Tinkham Veale*, all of Topeka, for the respondent.

The opinion of the court was delivered by

ALLEN, J.: This is an original proceeding in habeas corpus. In substance, the petition alleges:

The petitioner was tried in the district court of Shawnee county upon a charge of grand larceny. He was charged with stealing and carrying away a certain galvanized-iron tank—the case number being 16,326. After the jury was empaneled and sworn and the evidence on behalf of the state was introduced, the defendant filed a plea in abatement in which it was alleged there was a variance between the allegations in the information and the proof, in that the tank was sunk in the ground and was a part of the realty and therefore was not subject to grand larceny. The court sustained the plea in abatement, and the defendant was discharged from custody. The journal entry recited:

"Whereupon the defendant moves to be discharged on the ground of variance between the allegations in the information and the proof adduced, which

motion is by the court duly heard and determined, after hearing statements and arguments of counsel for each of the parties, and the court finds that said motion should be sustained.

"It is therefore by the court considered, ordered and adjudged, that the motion of the defendant, Paul Lewis, to be discharged, be and is hereby sustained, and said defendant be and he is hereby discharged."

The state then filed a complaint in the court of Topeka charging the defendant under G. S. 1935, 21-548 and 21-570, in four counts—the case number being 15,070. In this action the defendant filed a plea in abatement and former jeopardy in which it was alleged that defendant had been in jeopardy for the same offenses and the same act in case No. 16,326 in the district court of Shawnee county entitled, "*State of Kansas v. Paul Lewis,*" and that he was acquitted and discharged in that case. The plea in abatement and former jeopardy was sustained and the defendant discharged from custody. It is alleged that such order and judgment of the court has not been vacated or set aside and no appeal therefrom has been taken by the state, and that such judgment is final and conclusive. It is further alleged that the court of Topeka is a court of competent jurisdiction, and that the judgment so rendered is an adjudication that the defendant had been in jeopardy for the crimes charged in the former case in the district court, No. 16,326.

Thereafter the state filed another information in the district court in which the defendant was charged in two counts under sections 21-548 and 21-570. The petitioner alleges that this information charges the defendant with the same act and identical offenses as charged in the information in case No. 15,070 in the court of Topeka.

The state has filed a return in which it is alleged that the defendant is being held on a warrant issued by the clerk of the district court of Shawnee county on an information filed by the county attorney in which the defendant is charged under sections 21-548 and 21-570 of the crimes act.

The question presented to and directly passed upon by the court of Topeka was whether the defendant there, petitioner here, was in former jeopardy by the trial in the district court in case No. 16,326. The court held the petitioner had been in former jeopardy and entered judgment directing his discharge. The question presented is whether that judgment is final and conclusive.

Section 10 of the bill of rights provides that "No person shall be a witness against himself, or be twice put in jeopardy for the same offense."

When does jeopardy attach?

In the case *In re Brown*, 139 Kan. 614, 32 P. 2d 507, it was held, as stated in the syllabus:

"An accused is in jeopardy, as that word is used in section 10 of the bill of rights of the constitution, when he is placed on trial in a court of competent jurisdiction by a duly impaneled jury upon a legally sufficient information on which he has been duly arraigned and to which he has pleaded." (Syl. ¶ 3.)

What effect is to be given to the judgment of the court of Topeka? Does it operate as an estoppel or bar to a subsequent prosecution for the same offense? Does a judgment in a criminal proceeding become *res judicata* as to the matters determined by the judgment?

In 2 Freeman on Judgments, 5th ed., section 648, it is stated:

"There is no reason why a final judgment in a criminal prosecution or proceeding should not, under proper circumstances, be given conclusive effect as an estoppel or bar. The same policy which dictates the rule in civil cases requires it in criminal cases. . . . The principles applicable to judgments in criminal cases are, in general, identical, so far as the question of estoppel is involved, with the principles recognized in civil cases. An acquittal or a conviction, under an indictment for any offense, is a bar to any subsequent indictment substantially like the former, but its effect as *res judicata* in such a case is necessarily to a considerable extent lost sight of in the broader doctrine of former jeopardy.. We are here concerned, however, with *res judicata* as distinguished from former jeopardy, which has no necessary connection with judgments though both doctrines may be operative at the same time. Even where the crimes charged are different, and a plea of former jeopardy therefore unavailable, a criminal judgment is *res judicata* of every matter determined by it, where the conditions essential to the operation of this doctrine are present. . . ." (p. 1364.)

The question came before the supreme court of the United States in the case *United States v. Oppenheimer*, 242 U. S. 85, 37 S. Ct. 68, 61 L. Ed. 161. It was there stated:

"Upon the merits the proposition of the government is that the doctrine of *res judicata* does not exist for criminal cases except in the modified form of the fifth amendment, that a person shall not be subject for the same offense to be twice put in jeopardy of life or limb; and the conclusion is drawn that a decision upon a plea in bar cannot prevent a second trial when the defendant never has been in jeopardy in the sense of being before a jury upon the facts of the offense charged. It seems that the mere statement of the position should be its own answer. It cannot be that the safeguards of the person, so often and so rightfully mentioned with solemn reverence, are less than those that protect from a liability in debt. It cannot be that a judgment of acquittal on the ground of the statute of limitations is less a protection against a second trial than a judgment upon the ground of innocence, or that such a judgment is any more effective when entered after a verdict than if entered by the gov-

ernment's consent before a jury is empaneled; or that it is conclusive if entered upon the general issue (*United States v. Kissel*, 218 U. S. 601, 610 [54 L. Ed. 1168, 1179, 31 Sup. Ct. Rep. 124]), but if upon a special plea of the statute, permits the defendant to be prosecuted again. We do not suppose that it would be doubted that a judgment upon a demurrer to the merits would be a bar to a second indictment in the same words. (*Iowa v. Fields*, 106 Ia. 406 [76 N. W. 802]; Whart. Crim. Pl. & Pr., 9th ed., § 406.)

"Of course, the quashing of a bad indictment is no bar to a prosecution upon a good one, but a judgment for the defendant upon the ground that the prosecution is barred goes to his liability as matter of substantive law, and one judgment that he is free as matter of substantive law is as good as another. . . ." (p. 87.)

It is the contention of respondent that under G. S. 1935, 60-2213, the writ should be denied. That section provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . *Fourth*. Upon a warrant or commitment issued from the district court or any other court of competent jurisdiction upon an indictment or information."

Respondent cites and relies upon the many cases in which it has been held that this court will not interfere with the orderly jurisdiction of an inferior court by discharge of the petitioner on habeas corpus when the cause is pending and undetermined in the lower court. (*In re Owen*, 109 Kan. 695, 200 Pac. 1070; *In re Will*, 97 Kan. 600, 155 Pac. 934; *In re Terry*, 71 Kan. 362, 80 Pac. 586; *Ex parte, Charles Phillips*, 7 Kan. 48.)

The law laid down in the statute and announced in the cases cited, and many others, has been steadily adhered to and no departure therefrom will be made by this court. But we do not think the statute or doctrine announced in the cases cited reach the question before us.

In the case *In re Trull*, 133 Kan. 165, 298 Pac. 775, the cause against the petitioner was pending and undetermined in the lower court—it had been pending during eight terms of court after the case had been docketed. The court held the petitioner had not been accorded a speedy trial as guaranteed by section 10 of the bill of rights. The statute had no application to the situation there presented.

The petitioner is before this court asking that the final judgment of the court of Topeka be made effective and obeyed. The state selected that court as its forum. The issue of former jeopardy was

presented, argued, briefed and finally determined. A defendant in a criminal action has a right not only to a speedy trial, but a right that he will not be harassed by new charges for the same offense after he has received a final judgment in his favor.

The writ is allowed.

HARVEY, J., not sitting.