No. 38,044

In the Matter of the Petition of LEE KAMEN, for a Writ of Habeas Corpus, *Petitioner,* v. ROBERT GRAY, Sheriff of Sedgwick County, Kansas, *Respondent.*

(220 P. 2d 160)

Opinion filed July 8, 1950.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Manford Holly, William C. Farmer,* and *Leonard Levand,* also of Wichita, were with him on the briefs for the petitioner.

*Eugene G. Coombs,* of Wichita, argued the cause, and *Harold R. Fatzer,* attorney general, *C. Harold Hughes,* assistant attorney general, *Johnie Frank,* county attorney, and *A. Martin Millard,* deputy county attorney, were with him on the briefs for the respondent.

The opinion of the court was delivered by

WERTZ, J.: This is an original proceeding in habeas corpus. Lee Kamen, petitioner, seeks to be discharged from the custody of respondent sheriff, by whom he is detained awaiting trial on a criminal charge. He claims that his imprisonment is unlawful and that he is being deprived of his liberty in violation of federal and state constitutions and laws.

The following proceedings were had in the district court of Sedgwick county, prior to institution of these proceedings in habeas corpus. Petitioner, defendant below, was—after a preliminary hearing before the city court of Wichita on May 9, 1949—on January 16, 1950, placed on trial before a jury in the district court of Sedgwick county on a charge of receiving stolen property, having waived arraignment and pleaded not guilty. The state introduced evidence of seven witnesses—the seventh being Detective Reeves of the police department—concerning a police report and alleged changes in the report, which report was offered in evidence and, over defendant's objections, admitted and read to the jury. Defendant again objected to admission of said report and asked the court to declare a mistrial because of prejudice to defendant by its erroneous admission, but was overruled by the court. The state then rested its case and the court called for introduction of the case for the defense, whereupon counsel for the defense asked that the jury be excused while he argued some motions to the court. Before the jury was excused, counsel for the state explained for the record and to the jury the purpose for which the police report in controversy was offered in evidence. The jury having been excused, counsel for defendant moved for a directed verdict of not guilty and discharge of defendant for the reason the state had failed to prove the allegations and averments alleged in the second amended information, which motion was argued by counsel and taken under advisement by the court. Court was recessed, and on reconvening, argument on the motion to dismiss continued for some time, whereupon the

court on its own motion ruled that "I am declaring a mistrial, and that ends the trial of this case. . . . I . . . will require a new information totally. . . . If the defense has any objections?"

Defense Counsel: "We will even assist them, if they want us to, in the description of the property."

On inquiry by counsel for the state as to grounds for the declaration of a mistrial, the court said: "Oh, there is so much prejudicial error went to the jury with respect to Exhibit 12 (the police report) and there are some details of the defendant's complaint that are substantial."

On March 10, 1950, the state filed a third amended information to which defendant, petitioner herein, filed a motion to quash and a plea in bar on the premise that he cannot be twice put in jeopardy for the same offense. Said motions are pending, dependent upon the outcome of this habeas corpus proceeding.

The question to be determined here is whether defendant was placed in jeopardy in the proceeding before the district court resulting in declaration of a mistrial by the court so as to preclude trial in that court on the third amended information. The contention of the state is that defendant cannot now complain of the court's ruling (declaration of the mistrial) because of his own motion for a mistrial, eventually sustained and resulting in discharge of the jury, and also because defendant failed to object to such ruling and in fact stated "we will even assist them, if they want us to, in the description of the property"; that the relief sought (discharge in habeas corpus) is therefore not available when petitioner's cause is still pending in the lower court. Petitioner, on the other hand, argues that his motion for a mistrial was overruled and no longer before the court and no further motion for declaration of a mistrial in the case was interposed by him; that the defendant was placed in jeopardy when charged with commission of the crime, brought to trial, the jury empanelled and sworn to try the cause, and trial begun before a court of competent jurisdiction upon an information sufficient to sustain a conviction.

G. S. 1935, 60-2914 provides:

"The jury may be discharged by the Court on account of the sickness of a juror, or other accident or calamity, or other necessity to be found by the court requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing."

Petitioner contends that the court cannot arbitrarily discharge the jury before a verdict is returned and a discharge in such case, unless for an absolute necessity or for a reason provided by statute, will operate as an acquittal providing defendant has not waived his right to claim double jeopardy and has not joined the state in requesting a mistrial.

It is true that the discharge of a jury after the trial has begun without an overruling necessity or without the consent of the defendant will ordinarly operate as a bar to further prosecution (*State v. McKinney*, 76 Kan. 419, 91 Pac. 1068; *In re Rockwood*, 146 Kan. 386, 69 P. 2d 703, and cases cited therein). However, the record in the instant case discloses that the defendant requested the court to order the mistrial. After Exhibit 12 had been offered and received in evidence, the defendant interposed an objection the pertinent part of which reads:

". . . we now ask the Court to declare a mistrial of this case on account of the error and prejudice that has been engendered in the minds of the jury by the reading of the report of this case by the detective and police officers, . . . for the reason it is wholly incompetent . . . and it contains hearsay of the rankest sort . . . all of which is highly prejudicial and altogether incompetent, and we ask that you declare a mistrial at this time."

During argument on defendant's motion for a directed verdict of not guilty, the court stated: "I am declaring a mistrial, and that ends the trial of this case." When questioned by counsel for the state as to the reason for the court's ruling, the court stated among other things: "Oh, there is so much prejudicial error went to the jury with respect to Exhibit 12 . . ."

It will be noted that the reason given by the court was the basis of the defendant's earlier request for a mistrial. It is well settled that if a jury is discharged at the instance of a defendant himself, he cannot set up that fact as a bar to a subsequent prosecution. (*State v. McKinney*, supra; *State v. Arnold*, 142 Kan. 589, 50 P. 2d 1008.) Defendant argues that the court had previously overruled his request for a mistrial and no further request was made by him or the state and that his motion for a directed verdict of not guilty was pending before the court. His former objection to proceeding further in the case on account of the error and prejudice engendered in the minds of the jury by the reading of the police report was the very ground on which the court based its later declaration of a mistrial. The discharge of the jury was the necessary result of sustaining defendant's request and he has no right to com-

plain that the court took the action which he had requested and to which no objection was made; his actions amounted to a consent.

The above rule was followed in the case of *State v. Arnold,* supra, in which the defendant was charged under a forgery statute. Defendant was tried and at the close of the state's evidence moved for a directed verdict of not guilty because the state had failed to prove an offense charged or any offense. The court overruled that motion but sustained an earlier motion of the defendant on the ground of variance between the information and proof. Defendant was rearrested, tried under another forgery statute, and convicted. Before the second trial, the defendant filed a special plea in bar on the ground of former jeopardy. The court pointed out that an inconclusive result in the former trial had been reached (at the instance of the defendant) and said:

"It is finally contended that defendant's special plea in bar on the ground of former jeopardy should have been sustained. This plea is not available when an inconclusive result had been reached in a former criminal trial at the instigation of the defendant himself. *State v. McKinney,* 76 Kan. 419, 420, 91 Pac. 1068; *State v. Reynolds,* 140 Kan. 269, 36 P. 2d 323, and citations; 16 C. J. 254, and note in 135 A. S. R. 70-73." (p. 594.)

Defendant relies principally on the case of *State v. Stiff,* 117 Kan. 243, 234 Pac. 700, rehearing 118 Kan. 208. We do not believe this case is controlling under the facts in the instant case. In the Stiff case, Stiff filed a motion to quash the information before he had entered his plea of not guilty and before the jury had been sworn to try the case. At this point, jeopardy had not attached. His motion was overruled, the jury was sworn, and the state made a request to amend the information, which request was denied by the court, and the court thereupon sustained the motion to quash the information which previously had been overruled, as stated. This court held the jury was discharged without the request or consent of defendant Stiff and he could not thereafter be tried. We distinguished the Stiff case in the case of *State v. Reynolds,* 140 Kan. 269, 36 P. 2d 323. Reynolds claimed he was in former jeopardy in a case where, after the jury was empanelled and sworn, he objected to the introduction of evidence for the reason the information failed to charge a public offense. The court sustained his objection and discharged defendant and jury. Defendant Reynolds claimed this was without his consent and relied upon the authority of *State v. Stiff,* supra. The court stated:

"The facts on which this opinion (Stiff case) was based are very different indeed from those in the case at bar. In the latter we have the defendant objecting to the introduction of evidence after having been put in jeopardy, and his attorney pointing out the insufficiencies of the information, which go far towards making it invalid and such as might not sufficiently charge an offense as to sustain a judgment on a verdict of guilty. We also have the trial court sustaining the defendant's objection to the introduction of evidence, which of necessity disposes of the first case at the request and insistence of the defendant, instead of overruling the defendant's motion to quash, as in the Stiff case, and later reversing that ruling without any request from the defendant.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Appellant cites authorities to the effect that mere silence of the defendant, or his failure to object or protest against the discharge of the jury, does not constitute a consent to such discharge of the jury or in any way waive his constitutional rights against being subjected to a second jeopardy. To this we fully agree, but we can readily see a distinction between such conduct and the active pressing of an objection the sustaining of which will produce the same result."

It is our conclusion that the petitioner by his request for the court to declare a mistrial waived his constitutional right of jeopardy if such existed after the jury was empanelled and sworn.

The state contends that habeas corpus did not lie in this case for the reason that the petitioner's cause is still pending and undetermined in the lower court. However, this court held many years ago that if the petitioner was entitled to his discharge in the district court, he ought to be released in his proceeding by habeas corpus, as that proceeding is the only one which affords him a speedy remedy. If his only remedy is by appeal, he must continue wrongfully restrained of his liberty until the case is finally determined by the district court, as an appeal can be taken by the defendant only after judgment. It would be a palpable violation of the bill of rights, and also of the statute, to require an accused who is entitled to his discharge, so far as relates to the offense for which he was committed, to be restrained of his liberty indefinitely at the instance of the state, or upon the order of the court, to await a final trial, or determination of the case against him. (*In re McMicken*, 39 Kan. 406, 409, 18 Pac. 473; *In re Lewis*, 152 Kan. 193, 102 P. 2d 981.)

In view of what has been said, the writ will be denied.

SMITH, J. (dissenting): I dissent from all portions of the majority opinion except those holding that habeas corpus is a proper remedy in the instant case. The sufficiency of the amended information upon which defendant was tried is not questioned. A jury

was duly empanelled and sworn to try the case, and after introduction of the state's evidence, defendant moved for a mistrial, which motion was by the court overruled. Thereafter the state rested its case. Defendant then interposed his motion for a directed verdict of not guilty and discharge. During argument on the latter motion, the court for reasons not provided by statute and on its own motion, without any request by either defendant or the state, declared a mistrial. Defendant's former motion for a mistrial had been overruled previously and was no longer before the court. Defendant did not object to the court's ruling. However, the state requested that the court make a record of its reasons for declaring a mistrial and no statutory reason was given by the court for its action.

When a defendant has been placed upon trial on a criminal charge, the jury is empanelled and sworn before a court of competent jurisdiction, and defendant is tried upon a sufficient information, the court cannot arbitrarily discharge the jury before a verdict is returned, and a discharge in such case, unless an absolute necessity or for a reason provided by statute, will operate as an acquittal providing, of course, that the defendant has not waived his right to claim double jeopardy and has not joined the state in requesting a mistrial. (*State v. Smith,* 44 Kan. 75, 24 Pac. 84; *State v. Reed,* 53 Kan. 767, 37 Pac. 174; *State v. Allen,* 59 Kan. 758, 54 Pac. 1060; *State v. Klauer,* 70 Kan. 384, 78 Pac. 802; *State v. Stiff,* 118 Kan. 208, 234 Pac. 700; *In re Rockwood,* 146 Kan. 386, 69 P. 2d 703.) It is observed from the above decisions that the power to discharge a jury cannot be exercised arbitrarily by the court.

The majority opinion states that the remark made by defense counsel to the effect that "we will even assist them, if they want us to, in the description of the property," constituted a waiver of jeopardy. In my opinion that statement was made in response to the court's statement just prior thereto requiring the state to file a new information, and cannot be considered as referring to an earlier statement by the court as to its action in declaring a mistrial.

The constitutional right of a party charged with a crime is that he is not to be twice put in jeopardy for the same offense, and the power of a court to discharge a jury which has been sworn to pass upon the question of his guilt or innocence must be exercised with the view of preserving inviolate his constitutional rights.

I am of the opinion that the writ should be granted.

PARKER and WERTZ, JJ., join in the foregoing dissenting opinion.