## THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALFRED M. WOLAK, DEFENDANT-APPELLANT.

Argued September 12, 1960—Decided November 7, 1960.

*Mr. Milchel F. Donato* argued the cause for defendant-appellant (*Mr. Jacob L. Bernstein,* of counsel; *Mr. Sam Weiss,* on the brief).

*Mr. Archibald Kreiger,* Legal Assistant to the Prosecutor, argued the cause for plaintiff-respondent (*Mr. John G. Thevos,* Passaic County Prosecutor, attorney).

The opinion of the court was delivered by

SCHETTINO, J. Appeal is taken from a judgment of conviction of second-degree murder. The trial was the third on the same indictment for murder.

At the first trial defendant was found guilty of first-degree murder with a recommendation. The judgment of conviction was reversed on appeal. *State v. Wolak,* 26 *N. J.* 464 (1958). The second trial resulted in a mistrial. Previous to and during the third trial defendant made several motions for dismissal of the indictment on the ground that the third trial would place him in double jeopardy contrary to *Art.* 1, *par.* 11, *Constitution of* 1947 which states: "No person shall, after acquittal, be tried for the same offense." The action of the court in denying these motions is the sole ground of appeal.

During the course of the second trial the prosecutor asked two witnesses to take a gun (admittedly used in the killing) and to point it at him just as the defendant had allegedly done in killing the victim. Thereafter, the prosecutor called to the stand the victim's widow and directed her "to hold [the gun] in your hand and stand up like [defendant] did and point the gun at anyone here as if he was your husband and name the one you're pointing to to show the aim." The witness stated, "That way [indicating with the gun]." The prosecutor then asked her at whom she was pointing and her reply was "Wolak [defendant] that —."

Immediately, defense counsel moved for a mistrial contending that the prosecutor's directive to the widow was a deliberate attempt on the part of the State to inflame the minds of the jury because the prosecutor knew that she would point it at defendant. The State opposed the motion. The trial court denied the motion, strongly criticized the prosecutor, and instructed the jury to disregard the entire incident.

Three days later the trial court, in the absence of the jury, informed counsel that it had decided to reconsider defendant's motion for mistrial. It recited the history of the incident, emphasized the prosecutor's poor judgment, and stated that it is the responsibility of courts to insure the defendant of a fair and impartial trial free from acts and declarations which prejudice the jury in its determination of the innocence or guilt of the defendant. It continued that, upon reconsideration, it was satisfied that the demonstration by the victim's widow was prejudicial and would remain so in the minds of the jury throughout the trial and during their deliberations, regardless of the court's instructions.

The court, therefore, ruled that it "must grant the motion made on behalf of the defendant for a mistrial." No objection to the reconsideration of the motion for a mistrial or to the court's determination in reversing itself was expressed by either of defendant's experienced counsel or by the prosecutor.

Defendant argues that the trial court's discharge of the jury at the second trial before verdict was reached constituted an acquittal unless there was absolute necessity for the discharge or unless defendant consented; that no necessity and no consent here existed and, therefore, defendant's motions should have been granted.

As we view the cause, we find it unnecessary to meet the issue of necessity as we affirm on the alternative theory that the mistrial resulted from defendant's motion which, at the least, amounted to consent.

 A plea of former jeopardy will not prevail where the jury was discharged on defendant's motion. *State v. Reidler,* 5 *N. J. Misc.* 347, 351 (*Sup. Ct.* 1927); *United States v.*

*Harriman,* 130 *F. Supp.* 198, 204 (*D. C. S. D. N. Y.* 1955);
*McLendon v. State,* 74 *So.* 2d 656, 657 (*Fla. Sup. Ct.* 1954);
*People v. Dodson,* 107 *N. Y. S.* 2d 7, 10 (*Sup. Ct.* 1951);
*DeYoung v. State,* 160 *Tex. Cr. R.* 628, 274 *S. W.* 2d 406,
407 (*Tex. Ct. Crim. App.* 1954).

■ Defendant concedes this, but contends that once his motion had been denied it "had died and been cremated." Not so. The right of the trial court to reconsider and redetermine motions made during trial cannot be disputed. As in the instant case, the trial court did exactly that in *People v. Montlake,* 184 *App. Div.* 578, 172 *N. Y. S.* 102 (*App. Div.* 1918), hereafter discussed.

■ Reconsideration by the trial court here was a proper exercise of its discretion. It could well conclude, as it did, that the incident created a prejudicial atmosphere adverse to defendant and that a cautionary instruction to the jury to disregard the witness' actions and words would have been futile and ineffectual. See *State v. Samurine,* 27 *N. J.* 322 (1958).

A question similar to that of the instant case arose in *Montlake, supra.* There the court stated, at *page* 105 of 172 *N. Y. S.*:

"In addition, I think that the record indicates substantially that such action was taken by the trial court with appellant's consent and, indeed, at the request of his counsel. Upon the first occasion of such conduct by the assistant district attorney, defendants' counsel moved that a juror be withdrawn, but the presiding judge denied the motion; defendants excepting. Upon the second occasion of such conduct, defendants' counsel contented himself with what amounted to a protest, but made no such motion. At the third and final occasion of that conduct, which was the most flagrant of all, the court on his own motion declared that he would withdraw a juror. I think that his such action may well be regarded as a somewhat belated granting of defendants' said former motion for that relief. Defendants' exception to the denial of that motion still stood upon the record, and I think that defendants' counsel should then in clear terms have withdrawn that motion if he did not wish it granted."

Similarly, *Kamen v. Gray,* 169 *Kan.* 664, 220 *P.* 2d 160, *certiorari* denied 340 *U. S.* 890, 71 *S. Ct.* 206, 95 *L. Ed.* 645

(1950), is a case closely akin to the one at bar. There defendant moved the court to declare a mistrial because of prejudice engendered in the minds of the jury by the admission of certain evidence. The motion was denied. After the state rested its case, the trial court reversed its former ruling and declared a mistrial on the grounds set forth in defendant's original motion. In rejecting defendant's double jeopardy plea the appellate court stated, 220 *P. 2d,* at *page* 162:

"The discharge of the jury was the necessary result of sustaining defendant's request and he has no right to complain that the court took the action which he had requested and to which no objection was made; his actions amounted to a consent."

Defendant relies principally on *State ex rel. Williams v. Grayson,* 90 *So. 2d* 710, 63 *A. L. R. 2d* 777 (*Fla. Sup. Ct.* 1956), and *State v. Stiff,* 117 *Kan.* 243, 234 *P.* 700 (*Sup. Ct.* 1924). These cases are distinguishable on the facts.

In *Williams,* defendants made several motions for mistrial, each of which was denied by the trial court. After all the testimony was taken, the prosecutor was granted permission "to join in the motions heretofore made by counsel for the defense" and the court declared a mistrial. Before the case could come on trial the second time, defendants moved to quash the information pleading former jeopardy, which motion was denied. On appeal the Supreme Court of Florida (despite the quoted language) pointed out that the state conceded its motion to be independent of defendants' previously denied motions. It held that defendants did not consent to the state's motion and a subsequent trial for the same offense would constitute double jeopardy.

The facts of the *Stiff* case are very different from those in the case at bar as noted by the same court in *Kamen,* 220 *P. 2d,* at *pp.* 162–163. In *Stiff,* defendant moved to quash the information before he had entered his plea of not guilty and before the jury had been impanelled and sworn. The motion was denied. The jury was then sworn, and the

state made a request to amend the information which was denied. Thereupon, the trial court on its own motion set aside the order denying the motion to quash, quashed the information and discharged the jury. At no time did defendant move to discharge the jury. The Supreme Court held the jury was discharged without the request or consent of defendant and he could not therefore be tried. It is clear that at the time of defendant's motion jeopardy had not attached as the jury was not impanelled and sworn. *State v. Williams,* 30 *N. J.* 105, 120 (1959). Defendant did not invite the discharge of the jury. Rather, the Kansas court held that it was the trial court's own independent act to which defendant must consent before his plea of former jeopardy will be precluded.

The *Montlake* and *Kamen* opinions are compellingly persuasive. We similarly hold.

Affirm.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.