No. 44,645

STATE OF KANSAS, *Appellee*, v. LELAND R. (BOB) CALHOON, *Appellant*.

(426 P. 2d 157)

Opinion filed April 8, 1967.

*Henry L. Daniels*, of Hill City, argued the cause and was on the brief for the appellant.

*Jerry M. Helberg*, County Attorney, argued the cause and *Robert C. Londerholm*, Attorney General, was with him on the brief for appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant appeals from a conviction of the offenses of forgery and of possession and uttering a check.

The principal question raised is that of jeopardy.

On April 12, 1965, defendant, being represented by counsel, was, following a preliminary examination, bound over to the district court for trial at the May term. An information was filed and the case was given number 7536. On June 21, the case came on for trial. A jury was duly empaneled and sworn. The state made its opening statement, which included the reading of the information. At this point counsel for defendant moved to quash the information. A discussion was had out of the presence of the jury. The state was granted permission to amend the information. Apparently it was amended in one respect. Counsel for defendant then further moved to quash—one of the grounds being that the information as amended failed to allege the act was done with intent to defraud. Following further discussion the court sustained the motion to quash and discharged the jury.

The state immediately filed a new complaint and a preliminary examination was held on June 30. Defendant was again bound over to the district court for trial, at the September term. A new information was filed and the case was given number 7552. Defendant

filed a plea in bar of prosecution raising the question of former jeopardy. The plea was overruled, and on October 25, defendant was placed on trial in case number 7552. He was convicted as charged, his motion for a new trial was overruled, and this appeal followed.

Five contentions are made.

The first concerns the question of jeopardy—the argument being that defendant was in jeopardy when the jury was discharged in case number 7536, and could not again be placed on trial for the same offense.

The contention is without merit. In *State v. Reynolds,* 140 Kan. 269, 36 P. 2d 323, it was held:

"Where an objection to the introduction of any evidence, because of the insufficiency of the information to charge a public offense, is made by the defendant after the jury has been sworn and jeopardy has attached, and is sustained at the instance of the defendant, he cannot thereafter plead former jeopardy when placed on trial on another information for the same offense, having waived, by his former action, his constitutional privilege." (Syl. 3.)

See also *The State v. McKinney,* 76 Kan. 419, 420, 91 Pac. 1068; *State v. Arnold,* 142 Kan. 589, 594, 50 P. 2d 1008; *Kamen v. Gray,* 169 Kan. 664, 220 P. 2d 160, cert. den. 340 U. S. 890, 95 L. ed 645, 71 S. Ct. 206.

Two contentions are made with respect to the sentence imposed. The state offered and was permitted—over defendant's objection, to introduce certified copies of judgments showing convictions of forgery in Wyoming and Nebraska. The state was instructed, however, to obtain and file authenticated copies of those convictions— and it is conceded that such has been done. Under the circumstances no error was committed. Defendant did not deny that it was he who was the subject of the two prior convictions, and upon being asked if he knew of any legal reason why judgment and sentence should not be pronounced, he replied in the negative.

The other contention with respect to the sentence is this: The habitual criminal statute (K. S. A. 21-107a) provides that upon a third conviction of felony a defendant shall be punished by confinement for a period of "not less than fifteen years." Here, the trial judge, speaking from the bench in open court, sentenced defendant to confinement for a period of "not to exceed fifteen years." The journal entry of judgment, however, correctly shows a sentence of "not less than fifteen years," and defendant's contention as to this inadvertent irregularity is without merit.

It next is contended defendant was denied his constitutional right to a speedy trial. The chronology of this case has been related and the point is utterly lacking in merit.

Finally, it is argued that defendant's motion for a new trial was erroneously overruled and some mention is made that defendant's estranged wife was unavailable as a witness in his behalf. The record discloses no request for a continuance and the point is without merit. The evidence at the trial is not abstracted for our review and we must assume that it was sufficient to support the conviction.

No error being shown, the judgment is affirmed.