No. 46,769

STATE OF KANSAS, *Appellant*, v. EVELYN LEE and ANSEL L. TURNER, *Appellees*.

(504 P. 2d 202)

Opinion filed December 9, 1972.

*Edward J. Hund, Jr.*, deputy county attorney, argued the cause, and *Vern Miller*, attorney general, *Keith Sanborn*, county attorney and *Barry Arbuckle*, deputy county attorney, were with him on the brief for appellant.

No appearance by appellees.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal in a criminal case initiated by the state of Kansas from the judgment of the district court sustaining the motion of the appellees, Evelyn Lee and Ansel L. Turner, to dismiss the charge against them pursuant to K. S. A. 1971 Supp. 21-3108—the statutory equivalent of the constitutional guaranty that one may not be twice put in jeopardy for the same offense.

The facts before the district court are not in dispute, and a summary of those necessary for a disposition of this case follows:

On November 26, 1971, the state filed a complaint in the court of common pleas in Sedgwick County, charging that on November 24, 1971, the appellees unlawfully sold cereal malt beverage to one Warren Holcomb, a minor, in violation of K. S. A. 1971 Supp. 41-2704.

Thereafter, and on January 14, 1972, the appellees were brought to trial before the judge of the court of common pleas on the charge alleged against them in the complaint. The state introduced its evidence including five witnesses, to sustain the charge against the appellees. After the state rested, the appellees moved for discharge —the particulars of the motion not being shown by the record.

The judge of the court of common pleas sustained the motion and discharged the appellees.

On that date, January 14, 1972, the state filed an Information in the district court against both appellees alleging the same facts and containing the same charge of unlawful sale of cereal malt beverage to Warren Holcomb, a minor, on November 24, 1971, as alleged in the complaint in the court of common pleas. Thereafter, and on January 17, 1972, the appellees filed their motion to dismiss the Information and warrant and for discharge. They alleged the prosecution was barred because the appellees were formerly prosecuted for the same crime based upon the same facts in the court of common pleas of Sedgwick County on January 14, 1972, which trial resulted in a determination that the evidence was insufficient to warrant a conviction, and resulted in a final order and judgment which required a determination inconsistent with any fact or legal proposition necessary to their conviction in any subsequent prosecution. They further alleged they were in jeopardy, having been put on trial in a court of competent jurisdiction upon a complaint sufficient in form and substance to sustain a conviction; that the case was tried to the court; that the court heard evidence and the testimony of five named witnesses; that the court of common pleas had concurrent jurisdiction with the district court in the trial of misdemeanor cases, and that they were in jeopardy under the provisions of K. S. A. 1971 Supp. 21-3108.

On January 20, 1972, the district court considered the motion to dismiss and made the following findings and conclusions of law:

". . . In the instant case the only record before this Court concerning the previous trial is the file in the case, which contains the Information and also what appears to be the ruling of the Court in a handwriting which may or may not be that of the Judge, but this ruling is 'Motion of defendants for discharge sustained: costs to State.' Then two sets of initials follow, the last of which appears to be Judge Dwyer's initials. But in any event this sheet was signed by the Judge of that case: Judge Dwyer.

"*It is found, as a matter of law, that the present case in District Court falls within subsection 1 (a) of K. S. A. 1971 Supplement, 21-3108.*

"*It must be found that the prosecution in District Court is a case in which the defendant was formerly prosecuted for the same crime based upon the same facts. This appears from the record before the Court and from statements of counsel which do not seem to be in disagreement on that point.* Said statute then requires that a prosecution is barred under those circumstances if the former prosecution resulted in either a conviction or an acquittal or a determination of evidence insufficient to warrant a conviction.

"There having been no record taken of the former trial and there having

been no decision filed in the case by the Judge as to the reasons for his discharge of the defendant, *it must be inferred by this Court that the Judge there acted within his jurisdiction and acted within the law. And it particularly must be inferred that since the state's evidence was presented in that trial and that the discharge was made after the presentation of the state's evidence and after the state rested,* again this being another point upon which counsel do not disagree, *it must be inferred that the Judge in the former trial did weigh the evidence which was presented by the state did find the evidence insufficient to sustain a conviction,* even though he may also have made his decision upon legal grounds not appearing on the face of the record. *This is tantamount to an acquittal.* Of course we are not permitted to speculate upon the reasons why he made his decision, but all inferences must be given in favor of proper decision under the statutes." (Emphasis supplied.)

Later that day the district court held a subsequent conference on the motion to dismiss, and stated:

"At the request of counsel, the Court wishes to record that, in making its decision in this case, the Court has taken judicial notice of the case file of the proceedings in the Court of Common Pleas including that Court's notation of having sustained the Motion to Discharge.

"It is the opinion of this Court that a Motion to Discharge by the defendants does not necessarily remove the bar to a second prosecution on the same charge.

"It is also the opinion of this Court that, unless the record of the prior court contains that Court's Findings of Fact and Conclusions of Law which formed the basis for the discharge of the defendants, and unless said record shows that such findings and conclusions constitute sufficient grounds for discharge, the defendants cannot again be put on trial for the same offense. *Also, when the record does not show the Order of Discharge to have been inconclusive, it must be deemed to have been conclusive and to constitute a judgment of acquittal."* (Emphasis supplied.)

The state contends the district court erred in sustaining the appellees' motion to dismiss. It asserts the discharge was at the consent of the appellees since they initiated the action, and, second, that the effect of the former prosecution was inconclusive so as to bar a plea of double jeopardy. In support of its position, it cites and relies upon:

*State v. McKinney,* 76 Kan. 419, 91 Pac. 1068, where it was concluded double jeopardy was not a defense to a subsequent prosecution when the former prosecution was terminated upon a motion for mistrial of the defendant because the district court failed to admonish the jury before a recess;

*State v. Reynolds,* 140 Kan. 269, 36 P. 2d 323, where this court concluded double jeopardy was not a defense when the former prosecution was terminated upon a technical error in the Information;

*State v. Arnold,* 142 Kan. 589, 50 P. 2d 1008, where double jeopardy was barred by an inconclusive judgment of dismissal because of a variance between the proof and the Information;

*Kamen v. Gray,* 169 Kan. 664, 220 P. 2d 160, in which double jeopardy was not found when the defendant's motion for mistrial was sustained because of the admission of prejudicial evidence, and

*State v. Calhoon,* 198 Kan. 520, 426 P. 2d 157, where a claim of double jeopardy was without merit since the defendant's motion to quash the Information was sustained because of technical errors in the charge.

Once the defendant raises a challenge of double jeopardy, the state has the burden of proving that jeopardy did not attach. While this court has no quarrel with the general rules of law as presented by the appellant, we do not agree that the facts and circumstances and the holdings on those cases are analogous to the case at bar.

The Judicial Council notes of 1968 indicate the Model Penal Code attempted to cover entirely the complex problems of double jeopardy. Following the suggestion of the committee which drafted the proposed amendments to the criminal statutes of Kansas, the Legislature adopted K. S. A. 1971 Supp. 21-3108 which comprehensively codifies the prior Kansas law of double jeopardy in the Kansas Criminal Code, effective July, 1970. The notes state subsection (1) (*a*) represents the law of Kansas with respect to acquittal or conviction on the merits as a bar, and subsection (1) (*b*) expressly codifies the principle of *res judicata* in criminal cases. K. S. A. 1971 Supp. 21-3108 reads in pertinent part:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

"(*a*) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or

"(*b*) Was terminated by a final order of judgment, even if entered before trial, which required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution. . . ."

We are of the opinion the district court did not err in concluding the prosecution in the district court was barred by the provisions of 21-3108 (1) (*a*). As the record indicates, the state presented evidence at the trial in the court of common pleas, and then rested its case. The record further indicates the district court concluded the judge of the court of common pleas weighed the evidence and found it was insufficient to sustain a conviction. The district court

held that was tantamount to an acquittal. At a subsequent consideration of the case on the following day, the district court stated it was of the opinion the record did not show the order of discharge to have been inconclusive; hence it concluded the record was conclusive and constituted a judgment of acquittal. In short, the state failed to sustain its burden of making it affirmatively appear the district court erred in concluding that double jeopardy attached. Moreover, under the authority of *In re Lewis*, 152 Kan. 193, 102 P. 2d 981, we are of the opinion the judgment of the court of common pleas constitutes *res judicata* on the matters resolved so as to place the appellees within the protection of 21-3108 (1) (*b*).

During the pendency of the appeal, this court allowed the state to file an affidavit concerning the scope of the judgment of the court of common pleas. The affidavit of the assistant county attorney was to the effect the motion to discharge was sustained by the district court because the statute under which the defendants were charged (K. S. A. 1971 Supp. 41-2704) did not state a criminal violation prohibiting one from selling cereal malt beverage to a minor. It would be improper to consider original evidence bearing upon the judgment of the district court which was not made available to that court at the time judgment was entered. (*State v. Rieman*, 118 Kan. 784, 236 Pac. 641; *Rishel v. McPherson County*, 123 Kan. 414, 255 Pac. 979; *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791; *State v. Hemminger*, 203 Kan. 868, 457 P. 2d 141, cert. den. 396 U. S. 1045, 24 L. Ed. 2d 689, 90 S. Ct. 696.)

The judgment is affirmed.